UNITED STATES EXPRESS COMPANY

*v.*

ALBERT W. HUTCHINS.

1. EVIDENCE—*credibility.* Where the evidence to sustain a verdict depends upon the testimony of the plaintiff himself, and material portions of it are contradicted by other testimony, it is error for the court to refuse to instruct the jury that if they believe, from the evidence, that plaintiff has wilfully sworn falsely as to any material fact, they would have a right to disregard his entire evidence, so far as it was not corroborated by other testimony.

2. The discredit of a witness depends upon the motive. A misstatement from misapprehension or mistake, should not wholly discredit, but if the misstatement is wilful as to one material fact, the jury may properly reject all his testimony not corroborated.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was an action of assumpsit, brought by Albert W. Hutchins, in the McLean Circuit Court, against the United States Express Company, to recover for an alleged loss of two thousand dollars, claimed to have been delivered to the company enclosed in a package directed to M. F. Hutchins, at Lowell, Mass. The package was delivered to the company at Allin, in this State, and it is claimed that it never reached its

destination. A trial was had by the court and a jury, resulting in a verdict of $2,000 in favor of the plaintiff. A motion for a new trial was overruled, and judgment was rendered on the verdict. The company brings the case to this court on appeal.

Messrs. WILLIAMS & BURR, for the appellant.

Messrs. WELDON & BENJAMIN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was an action of assumpsit, to recover money sent by express from Allin, Ill., to Lowell, Mass. There was a judgment against appellant for $2,000.

The principal witness to prove the liability of the express company, was appellee. The evidence was conflicting; and as to some important and material facts stated by appellee, he was contradicted by other witnesses. Some portion of his story was rendered improbable by opposing testimony.

Upon this state of the evidence, the court erred in refusing the following instruction in behalf of appellant:

"If the jury believe, from the evidence, that the plaintiff, Hutchins, has wilfully sworn falsely as to any material fact, they have a right, if they choose to do so, to disbelieve his entire evidence, so far as he is not corroborated by some other witness."

We shall not prejudice the case by any discussion of the evidence, further than to remark that there was sufficient upon which to base the instruction. It was highly proper that it should have been given. In all cases of conflicting evidence, the jury should have the benefit of every principle of law which might elucidate the facts. The jury must pass upon the testimony, but can not do so intelligently without full and explicit instructions from the court.

The discredit of a witness depends upon his motive. If a misstatement is the result of mistake or misapprehension, charity should be indulged. If the false swearing is wilful as to one material fact, the jury may properly reject the

testimony, if not corroborated. The · maxim, *falsus in uno, falsus in omnibus,* should be applied in all cases where the evidence is intentionally false. *City of Chicago* v. *Smith,* 48 Ill. 107.

The purposes of justice would be best subserved by sending this cause to another jury.

The judgment is reversed and the cause remanded. ·

*Judgment reversed.*

Mr. JUSTICE SCOTT took no part in this decision.·