THE AMERICAN INSURANCE COMPANY OF CHICAGO

*v.*

REBECCA CRAWFORD.

1. SETTLEMENT—*when conclusive.* A settlement by one insured against loss by fire with the agent of the insurance company, if fairly and honestly made, is conclusive, although nothing is paid for a portion of the property destroyed, but if it was the result of falsehood and fraud on the part of the adjusting agent, then it is not binding or conclusive on any one, and this is a question of fact for the jury.

2. INSTRUCTION—*when strict accuracy required.* Where the evidence upon an issue of fact is conflicting and evenly balanced, the instructions of the court upon the law applicable to the point involved should be strictly accurate, to enable the jury to arrive at a correct conclusion.

3. SAME—*assuming facts.* An instruction which assumes that certain representations were made to induce a settlement for less than was due, and that such representations are false and fraudulent, is calculated to mislead the jury, as an expression of opinion that such representations are false and fraudulent, and is erroneous.

4. SAME—*ignoring an important fact.* In an action on a policy of insurance, an instruction which ignores a provision in the policy by which the insurer only undertook to pay two-thirds of the cash value of the property insured in case of loss, is objectionable.

5. SAME—*should not be vague and uncertain.* An instruction should not be vague and uncertain, so as to render it difficult to understand the principle intended to be announced.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. J. M. BAILEY, Mr. J. I. NEFF, and Messrs. CASEY & DWIGHT, for the appellant.

Mr. SILAS L. BRYAN, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Rebecca Crawford against The American Insurance Company of Chicago, to recover a balance claimed to be due on a policy of insurance against loss by fire, on certain property which had been destroyed. On the trial of the cause before a jury, the plaintiff obtained · a verdict and judgment for $200, to reverse which the insurance company has appealed.

The amount of the policy issued to appellee was $1040. It embraced buildings and personal property, and provided, in case of loss, only two-thirds of the value of the buildings should be paid. Soon after the loss occurred, the adjusting agent of the company called upon appellee, and after considerable discussion in regard to the property destroyed, the agent drew up proofs of loss, omitting the most of the personal property destroyed, on the alleged ground that it belonged to the husband of the appellee. The entire loss, as shown by the proof prepared by the adjusting agent, and which appellee executed, amounted to the sum of $390. This amount the adjusting agent paid, and at the same time took a receipt and full release from appellee, releasing the company from all liability on the policy. This action was brought after the settlement, to recover a further sum of $200, on the ground that the property destroyed had not been paid for, and the settlement had been made by the false representations and fraud of the adjusting agent.

It is apparent, from the evidence, that appellee received nothing for a portion of the personal property embraced in the policy, and which was destroyed; but if the settlement was fairly and honestly made, it must be held conclusive. If, on the other hand, it was the result of falsehood and fraud on the part of the adjusting agent, then it should not be binding or conclusive on any one. This was a question of fact purely for the jury. The evidence, however, upon this question was of

such a character, and so evenly balanced, that the rights of the parties demanded that the instructions of the court upon the law applicable to the point involved should be strictly accurate, in order that the jury might arrive at a correct conclusion. This safeguard, however, was not observed.

The second instruction in the series given for appellee was as follows:

"The court instructs the jury, for the plaintiff, that if you believe, from the evidence, that the plaintiff executed and delivered the receipt and release of the policy in question to the agent of the defendant by reason of the false and fraudulent representations made by such agent of defendant to the plaintiff, to the effect that if the plaintiff would not take the $390 in discharge of her entire claim she would not get anything, then the plaintiff is not bound by such receipt or release; and if the proof shows that the plaintiff has sustained more loss by the fire on the insured property than she has been paid, she has a right to recover in this action, if, from the evidence, you believe plaintiff has complied with all the conditions of the policy imposing on her any conditions precedent to a recovery."

It was the province of the jury to determine, from the evidence, each and every fact involved in the case. This principle was ignored by the instruction. It assumes that certain representations were made. It also assumes as a fact that such representations were false and fraudulent, when it was the exclusive province of the jury to determine whether the representations were false and fraudulent. The language of the instruction, "the false and fraudulent representations made by such agent of defendant to plaintiff," was, in effect, a direction or an expression of opinion by the court that the representations were false and fraudulent. The instruction was calculated to mislead the jury upon an important point in the case, and doubtless had that effect.

The first instruction given on behalf of appellee is liable to the objection that it ignores that provision in the policy by which appellant only undertook to pay two-thirds of the cash value of the buildings insured.

The third instruction given for appellee is so vague and uncertain that it is somewhat difficult to understand what principle it was intended to announce to the jury, and while we would not be inclined to reverse on account of this instruction had the other two been correct, yet we can not sanction the instruction.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*