### Joseph H. Clement et al.
### v.
### Deborah A. Boone.

1. False Representations.—The false representations which will render a contract fraudulent or constitute actionable fraud, must be made with knowledge at the time by the party making them that they are false; and an instruction upon the law of fraudulent representations which omits this element is erroneous.

2. Instruction.—An instruction submitting to the jury to find if a certain fact exists, which virtually tells them that there is evidence tending to prove such fact, if there is no such evidence, is calculated to mislead the jury and is erroneous.

3. Trover.—The jury were instructed that the action of trover could be maintained against the defendant unless he was a *bona fide* purchaser. This was error. Even if he were a purchaser at all it would be necessary in order to find him guilty in trover, to give evidence tending to show that he exercised some control over the goods, to the exclusion of the rights of the plaintiff.

Appeal from the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding. Opinion filed February 4, 1880.

Mr. T. L. Humphreyville and Mr. J. M. Beverly, for appellants; that it was error to admit in evidence the schedule in bankruptcy of one of the defendants, cited Garland v. Day, 69 Ill. 419.

Upon the measure of damages in trover: Evans v. George, 80 Ill. 51.

Mr. SAMUEL KERR, for appellee; that the verdict is not against the evidence, cited Guerdon v. Corbett, 87 Ill. 272; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; The People v. Waynesville, 88 Ill. 469.

The error, if any, in the verdict was cured by the dismissal as to the defendant not served: Flinn v. Barlow, 16 Ill. 40.

Such defendant could alone complain of such error: Pierson v. Hendrix, 88 Ill. 34.

McALLISTER, J.   This was an action on the case in the Cook County Court by Deborah A. Boone against Stephen H. and Joseph H. Clement.   John Pike was made a party, but not served with process.   Two causes of action were declared on; one for fraud and deceit in obtaining a sale by plaintiff to Pike of a stock of jewelry; the other for the wrongful conversion of the same goods.   There was a trial before the court and a jury, resulting in a verdict and judgment for plaintiff in the sum of $700.00.   Joseph H. Clement brings the case to this court by appeal, and assigns for error the giving of instructions to the jury by the court on behalf of plaintiff, the first of which is as follows:   "The jury is instructed that it is the duty of every party in making a contract to be honest and truthful in his statements and representations; and although a party to a contract is bound to exercise reasonable care and caution to prevent being defrauded, yet' if the party committing the fraud makes use of such false statements, representations and acts with respect to a material inducement to the contract, as are calculated to deceive or mislead a person acting with common prudence and without indiscretion, and he is thereby induced to part with his property, then such party committing such fraud cannot be heard to complain that the person so deceived and misled did not make such inquiries as might have resulted in a discovery of the falsity of the representations."

This instruction was abstract in character, and was well calculated to confuse and mislead the jury; besides, in so far as it

embodies any principle of law in respect to false representations constituting fraud in the making of a contract, it wholly omits the hypothesis that the party making such representations knew at the time he was making them that they were false.    As a general rule, those false representations which will render a contract fraudulent, or constitute actionable fraud, must be made with knowledge at the time by the party making them that they are false.    Merwin v. Alexander, 81 Ill. 501; Tone v. Wilson, 81 Ill. 529.

That element is wholly wanting.    On the contrary, the clear implication is, and the jury would so understand it, that the mere fact of making use of a false representation with respect to a material inducement to the contract which was calculated to deceive and mislead a person of common prudence, and who is thereby induced to part with his property, constitutes fraud. That is not the law.    The representation must not only be false, but known to be such by the party at the time of making it.

The next instruction given for plaintiff reads thus: " If you believe from the evidence that the defendants, acting conjointly, made or caused to be made the representations or statements contained in the declaration, and that the same were made with the intent as therein alleged, and that the plaintiff, relying upon the said representations and statements, was thereby induced to and did deliver her goods and chattels to the defendants, and that the representations were false and fraudulent, as therein alleged, then you will find the defendants guilty."

This instruction assumes that the defendants acted conjointly. But if it did not, and is regarded as submitting the question to the jury, to find that they so acted and made, or caused to be made, the representations set out in the declaration, still it is erroneous, for the reason that there is no evidence upon which to base the finding that Joseph H. Clement in any manner participated in making such representations, or any of them.    On the contrary, it affirmatively appears that he was not present and did not even know of the sale until after it was made.

An instruction that submits it to the jury to find if a certain

fact exists, virtually tells them that there is evidence tending to prove such fact, and if there is no evidence tending to prove it, the instruction is calculated to mislead the jury, and is erroneous. Indianapolis & St. L. R. R. v. Miller, 71 Ill. 463.

The court gave this for plaintiff: "And you are further instructed that this action of trover can be maintained against Joseph H. Clements unless you believe from the evidence that he was a *bona fide* purchaser for value, without notice of the fraud. And you are further instructed that in such case the possession of Pike or his *male fide* assignee would be tortious, and that a demand before suit would not be necessary."

This instruction virtually directs a verdict against Joseph H. Clement, unless he was a *bona fide* purchaser. Even if he were a purchaser at all, it would be necessary, in order to find him guilty under the count in trover, to give evidence tending to show that he exercised some control over the goods to the exclusion of the rights of the plaintiff. There was such evidence, but it was for the jury, and not the court, to pass upon it. Besides, the instruction assumes that there was fraud. American Ins. Co. v. Crawford, 89 Ill. 62.

For the giving of these several instructions to the jury, the judgment of the court below will be reversed and the cause remanded.