## JAMES SWAN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa April 5, 1881.*

1. WITNESS—*credibility.* A witness must be contradicted on a material point in his testimony to authorize the rejection of his evidence as being unworthy of belief on the ground that he has been contradicted; and to reject all of a witness' testimony, on account of false statements, he must have knowingly and intentionally sworn falsely as to some material point in the case.

2. INSTRUCTION—*when great accuracy required.* Where the evidence is conflicting and inharmonious, it is indispensable that the jury should be accurately instructed.

3. SAME—*as to matters of fact.* It is not proper to instruct the jury as to matters of fact, as, that there are matters about which the friends and relations "would be most likely to be knowing," or that a man is liable to be frightened and stunned by being accused of crime, etc., or to tell the jury to estimate the probabilities whether one accused was liable to make inaccurate statements under the circumstances.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. McKENZIE & CALKINS, for the plaintiff in error:

The fact that a witness may be contradicted upon a material point, is not enough to warrant the rejection of his evidence altogether, unless the jury believe that as to the matter in which he has been contradicted he has sworn falsely, and knew his evidence was false. *Gulliher et al.* v. *The People,* 82 Ill. 146; *U. S. Express Co.* v. *Hutchins,* 58 id. 44; *Pope* v. *Dodsen,* id. 365; *Otmer* v. *The People,* 76 id. 149; *Roach* v. *The People,* 77 id. 31.

Mr. JAMES McCARTNEY, Attorney General, for the People, contended, at some length, that there was no error in the third instruction given for the People, and that it was distinguishable from the case of *Gulliher* v. *The People,* 82 Ill. 146, and, also, that the refused instructions of the defendant were properly refused.

Mr. J. J. TUNNICLIFFE, State's Attorney of Knox county, also for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

An indictment was presented by the grand jury, at the October term, 1880, of the Knox circuit court, against plaintiff in error, charging him with having burglariously entered the carriage house of James McCutchen, and stealing therefrom two fly-nets, two halters, and a lap-robe or duster. He was tried at the same term, and a verdict of guilty was found by the jury, fixing the period of imprisonment in the penitentiary at one year. He entered a motion for a new trial, which was overruled, and he was sentenced to the penitentiary for the period fixed by the verdict. This writ of error is prosecuted to reverse that judgment.

We deem it unnecessary to consider more than the third instruction for the People, given by the court. It is this:

" 3.  The jury are instructed, that if they shall believe any witness or witnesses sworn in this cause is or are unworthy of belief, because of his or her manner on the stand, or because of his or their contradictory statements, or because of his or their material points being contradicted by reliable evidence, or because of his or their having heretofore, under oath or otherwise, made statements on material points different from those made by him or them on this trial, then the jury may entirely reject the testimony of such witness or witnesses, except upon the matters wherein they are corroborated by other and reliable testimony."

This instruction is not accurate, and in the conflicting evidence in the case may have misled the jury to the injury of plaintiff in error.  In all cases, and especially such as this, where the evidence is inharmonious, it is indispensable that the jury should be accurately instructed.  The instruction omits the element, that the witness must be contradicted on a material point in his testimony to authorize the rejection of his evidence as being unworthy of belief.  Nor does the instruction inform the jury that to authorize them to reject all of a witness' evidence, he must have knowingly and intentionally made misstatements as to some material point in the case.  This third instruction is condemned by the rule announced in the cases of *U. S. Express Co.* v. *Hutchins,* 58 Ill. 44, *Pope* v. *Dodson,* id. 360, *Otmer* v. *The People,* 76 id. 149, and *Gulliher* v. *The People,* 82 id. 146.  Other cases might be cited announcing the same rule.  In the face of these decisions it would not be expected such an instruction would have been asked.

As to the instructions asked by plaintiff in error and refused by the court, an inspection shows them to be faulty. The court could not instruct, as a matter of law, that there are matters about which the friends and relatives of accused " would be most likely to be knowing."  That is a matter of fact, for the consideration of the jury.  Nor is it in the

province of the court to instruct, that a man is liable to be frightened and stunned by being accused of crime, etc. That is a question of fact for the jury, as well as to estimate the probabilities of whether he was liable to make inaccurate statements under such circumstances. The instructions are in other respects inaccurate, and are argumentative, and were properly refused.

But for the error in giving the third of the People's instructions, the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*