# CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

## v.

# HERMAN FLINT.

*Personal Injury—Action against Railroad Company to Recover Damages —Instructions—When Great Accuracy is Required—Contributory Negligence—Intentional Mischief.*

1. Where the evidence is so closely conflicting that it would support a verdict for either party, great accuracy in the instructions is indispensable.

2. It is well settled in this State that, in order to recover for a personal injury on the ground of mere negligence of the defendant as distinguished from a wilful tort or intentional wrong. the party injured must be in the exercise of ordinary care. But it *seems* that the plaintiff, although guilty of a want of ordinary care, may recover if the act of the defendant was, under the circumstances, equivalent to intentional mischief.

3. In an action to recover damages for a personal injury alleged to have resulted from the negligence of the agents of the defendant, a railroad company, in running a train against the plaintiff while on its right of way to take passage on one of its trains, it is *held:* That certain instructions given for the plaintiff were inaccurate and misleading; that certain instructions asked by the defendant were improperly refused; and that the evidence of contributory negligence is not such as would justify a refusal to remand the cause for a new trial.

[Opinion filed May 18, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Statement by McALLISTER, P. J.   This is an appeal by the C., B. & Q. R. R. Co. from a judgment recovered against it by appellee Flint in the sum of $10,000 damages, besides costs, for a personal injury to the latter occasioned March 18, 1885, and, as it was alleged, through the negligence of the former, resulting in the loss of appellee's arm.

The case shows that the defendant was and for many years previously had been operating two main tracks running out of

the City of Chicago in a westerly direction, crossing Western Avenue (a north and south street), in the western part of said city, and then 800 feet west of said avenue, crossing the tracks of the C., C. & I. C. Co., which last mentioned place was known as the C., C. & I. C. crossing; that at that crossing the defendant had erected a station for receiving and discharging passengers, at which all the regular trains were accustomed to stop. It appears that aside from said Western Avenue there were no improved streets in the neighborhood of said station; that from said avenue to the station there was between the two said main tracks a space nine feet and four inches wide, upon which, in bad weather or seasons of the year and more or less at all times, persons going to and from said station had for years been in the habit of walking, but the evidence tended to show that the way was a dangerous one for travel; that if trains going in opposite directions should pass there at the same time the space between the cars would be only five feet and a half, or thereabouts; that the tracks were so located here with reference to side tracks to the stock yards, they were subject to almost a constant use, and such an occurrence was liable to happen at frequent intervals. It also appeared that from said Western Avenue to said station there were upon the north and south side of said main tracks respectively, pathways which were suitable and convenient at all seasons, and which were entirely safe.

The evidence shows that Flint, the plaintiff below, had been in the habit of taking defendant's cars at said station to go eastward into the city to his work and return, almost daily for two years; that he was entirely familiar with the locality at and about said station; that at the time in question he came upon said Western Avenue toward evening, but while it was clear daylight, for the purpose of taking a train which he had been accustomed to take to go eastward to his place of work; that when he arrived at the place where defendant's main tracks cross Western Avenue, as aforesaid, the train he had intended to take had already been gone some ten minutes, but not being then aware of that fact, he left said avenue to go to the station, walking hurriedly. But instead of taking

one of said pathways outside the main tracks he took that aforesaid between them. While he was so passing, a freight train of eleven cars was coming east on the south main track and passing said station. He, in order to be clear of that train, without looking behind him, changed his course up in close proximity to the north main track, and, there being then a train of freight cars which had been backed from the stock yards and was then running westward on said north track, he was struck in the back by one of the latter and thrown under the other track so far as to have his arm crushed. There was some slight evidence, but enough to go to the jury, that said train upon the north track was running faster than the rate of speed allowed by the city ordinance, and the evidence shows that there was a brakeman on the west end of the train who saw plaintiff a considerable distance away and that he was exposing himself to a danger of which he did not seem aware; that the brakeman, instead of giving the signal to stop the train, called loudly to plaintiff, but which the latter from some cause did not hear. There was no evidence tending to show that the relation of carrier and passenger then existed between the parties.

The court, on behalf of the plaintiff, gave to the jury the following instructions:

*First.* " The court instructs the jury, that if they find from the evidence in this case that the defendant by itself, or by its agent, ran its locomotive engine and train of freight cars against the defendant as alleged in the declaration, from which the defendant received the injury alleged in the declaration, and that said train at the time said injury was received, was being run by the defendant, or its agents, within the incorporated limits of the City of Chicago at a rate of speed prohibited by an ordinance of said city, then the jury are instructed that the defendant is liable for all damage done the plaintiff, unless you shall find from the evidence in the case that the negligence of the plaintiff, if you shall find that he was negligent, was not slight as compared with the negligence of the defendant, which was gross."

*Seventh.* " The court further instructs the jury, that if a

railroad company has created extra danger it is bound to use extra precautions, and the precautions to be adopted must be adequate to insure against such extra danger the safety of every passenger who exercises ordinary and reasonable care."

*Eighth.* "The court further instructs the jury, that the rule that any person who goes upon a railroad track, incautiously or without using all reasonable caution to escape injury, assumes the hazard, and if injury ensues is without remedy, has no application to a case where, by the arrangement of the company, if such is proved by the evidence to be the fact, it is made necessary for passengers to use its tracks or road-bed in reaching its depot, in order to take its passenger trains."

The defendant's counsel requested the court to give the following instruction, which was refused :

" The jury are instructed that the plaintiff was bound to know that the space between the defendant's north and south main track was a place of danger, and that the plaintiff, while walking between said tracks, was bound to use a degree of care commensurate with the danger, and that it was his duty to use his senses both of sight and hearing to learn of the approach of any trains on said track.

"And if the jury believe from the evidence that the plaintiff by the exercise of ordinary care and caution could have either seen or heard the train which struck him in time to have avoided the accident, then the plaintiff can not recover and their verdict should be for the defendant."

The proper exceptions were taken on behalf of defendant which present the questions necessary to a decision of the case.

Messrs. DEXTER, HERRICK & ALLEN, for appellant.

The evidence does not sustain the finding that the plaintiff exercised ordinary care.

. The Supreme Court and this court have repeatedly set aside verdicts in cases analogous to this case on the ground that the plaintiff had not shown that he was in the exercise of ordinary care.   L. S. & M. S. R'y Co. v. Hart, 87 Ill. 529 ; I. C. R. R. Co. v. Hall, 72 Ill. 222 ; I. C. R. R. Co. v. Godfrey,

71 Ill. 500; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; Austin v. C., R. I. & P. R. R. Co., 91 Ill. 35; L. S. & M. S. R. R. Co. v. Blanchard, 15 Ill. App. 582; L. S. & M. S. R. R. Co. v. Hunt, 18 Ill. App. 288.

"It is the duty of every person about to cross a railroad track to approach cautiously and endeavor to ascertain if there is present danger in crossing, as all persons are bound to know that such an undertaking is dangerous, and that they must take all proper precautions to avoid accidents in so doing, otherwise they can not recover for injury thereby received." L. S. & M. S. R'y Co. v. Hart, 87 Ill. 529.

That this applies with increased force to persons walking laterally upon the track, although lawfully there, has been repeatedly held in this State. L. S. & M. S. R'y Co. v. Hart, 87 Ill. 529; I. C. R. R. Co. v. Hall, 72 Ill. 222; C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 525; I. C. R. R. Co. v. Godfrey, 71. Ill. 500; Austin v. C., R. I. & P. R. R. Co., 91 Ill. 35; L. S. & M. S. R. R. Co. v. Blanchard, 15 Ill. App. 582.

It is well settled that to entitle the plaintiff to recover it is not sufficient to show that at the time of the accident the train was running at a prohibited rate of speed. It must also be shown and the jury must find that the accident happened by reason of the prohibited rate of speed. C., B. & Q. R. R. Co. v. Dvorak, 7 Ill. App. 555; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C., B. & Q. R. R. Co. v. Notzki, 86 Ill. 455; C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576; P., P. & J. R. R. Co. v. Siltman, 67 Ill. 72; T., W. & W. R. R. Co. v. Jones, 76 Ill. 311.

Messrs. BYAM, PARKHURST & WEINSCHENK, for appellee.

We claim that under the facts in this case the plaintiff did occupy the relation to the defendant of "passenger," and the defendant was subject to a corresponding duty toward him. To create this relation it is not necessary that a person should buy a ticket. He may be a passenger and not have a ticket. The relation of "passenger" may exist and the party may not have purchased a ticket or boarded a train. Does not this relation exist between a railroad company and every person

who enters the company's depot for the purpose of taking its cars? A railroad company can not free itself from all duty and obligation to the traveling public till its trains are actually entered, and then free itself of duty as soon as its passengers have left its cars. In our judgment this relation exists as soon as a person who intends taking passage by cars enters upon the exclusive premises of the company, at the place and in the manner provided by the company for its passengers. Osborne v. Union Ferry Co., 53 Barb. 629 ; Van Schaick v. Hudson R. R. R. Co., 43 N. Y. 528–537 ; Drew v. Sixth Av. R. R. Co., 26 N. Y. 49; Northup v. R. R. Pass. A. Co., 43 N. Y. 516 ; Gordon v. G. S. & N. R. R. Co., 40 Barb. 546.

Whether its patrons are in its depot, on its platform, or on its usual approaches to its depot or its cars, the company is bound to afford the traveling public protection from its own acts, at least, provided they are exercising ordinary and reasonable care.

Railway companies are bound to keep in a safe condition all portions of their platforms and approaches thereto, to which the public do or would naturally resort, and all portions of their station grounds where passengers, with a view to take passage on their cars, would naturally or ordinarily be likely to go. McDonald v. Chicago, etc., R. R. Co., 26 Iowa, 124; Chicago, etc., R. R. Co. v. Wilson, 63 Ill. 167; Martin v. G. N. R'y Co., 81 Eng. Com. Law, 179; Burgess v. G. W. R'y Co., 95 Eng. Com. Law, 923.

Although some slight errors may have intervened in the giving or refusing of instructions, the verdict of the jury should not be set aside on account of such slight errors, which, as is readily seen, did not affect the justice of the decision. City of Chicago v. McDonough, 112 Ill. 85; Hall v. Sroufe, 52 Ill. 421; Schwarz v. Schwarz, 26 Ill. 81; C., B. & Q. R. R. Co. v. Dougherty, 110 Ill. 521; Ritzman v. People, 110 Ill. 363; Baird v. Trustees of Schools, 106 Ill. 657.

McAllister, P. J. We have examined the evidence in this case with much care, and find that upon all the essentials of a recovery it was closely conflicting, and left in such doubt that

a verdict for the defendant would not have been subject to have been set aside as unsupported by the evidence. It is the well established rule of the Supreme Court in such a case, that unless each instruction to the jury given on behalf of the plaintiff, if the successful party, stated the law with accuracy and was free from all error calculated to mislead the jury, the judgment must be reversed and the cause sent back for a new trial. C. & A. R. R. Co. v. Murray, 62 Ill. 326 ; Volk v. Roche, 70 Ill. 297 ; T., W. & W. R'y Co. v. Moore, 77 Ill. 217 ; Cushman v. Cogswell, 86 Ill. 62 ; T., W. & W. R. R. Co. v. Grable, 88 Ill. 441 ; American Ins. Co. v. Crawford, 89 Ill. 62 ; Wabash R'y Co. v. Henks, 91 Ill. 406 ; Ruff v. Jarrett, 94 Ill. 475 ; Stratton v. Cent. City H. R'y Co., 95 Ill. 25 ; Steinmeyer v. People, 95 Ill. 383 ; Swan v. People, 98 Ill. 610.

The first instruction given for the plaintiff and set out in our statement of the case was inaccurate and calculated to mis-lead the jury. 1. It contains no hypothesis in any plain, intelligible language that the injury was received in conse-quence of the excessive rate of speed at which the train was running. 2. It submitted to the jury a question of law, viz., the construction of the ordinance. 3. It improperly assumed that the defendant was guilty of gross negligence—a point in dispute upon the trial.

The seventh instruction directed the jury that if a railroad company has created extra danger it is bound to use extra pre-cautions, and the precautions to be adopted must be adequate to insure against such danger the safety of every passenger who exercises ordinary and reasonable care. This instruction was framed so as to be presented in an abstract form. But it must have been understood by counsel for the plaintiff that the jury would never suppose that the court was directing them concerning any other case than that on trial. So that the jury might naturally conclude from the language employed, that the court was of opinion that the defendant had created an extra danger ; that the relation of carrier and passenger existed between the defendant and plaintiff, and that the latter was in the exercise of ordinary care at the time of the injury. It seldom happens that so much fiction underlies so brief an

instruction. We can find in the evidence contained in the record in this case, no proof that the defendant had created an extra danger, or of facts tending to show that the relation of carrier and passenger existed between the parties at the time in question, and if there had been such a relation, there is no law in this State that constituted the defendant an *insurer* of the *safety* of its passengers. By the common law, a common carrier is an insurer of the safety of goods but not of passengers. Then the last clause is an assumption that the plaintiff was in the exercise of ordinary care when the proof tended to show that he was not.

By the next instruction for plaintiff the jury were told that the rule that any person who goes upon a railroad track incautiously or without using all reasonable caution to escape injury, assumes the hazard, and if injury ensues, is without remedy, has no application to a case where, by the arrangement of the company, if such is proved by the evidence to be the fact, it is made necessary for passengers to use its tracks or road-bed in reaching its depot, in order to take its passenger trains. Now, that direction was calculated to impress the jury with the idea that in this case it was not incumbent upon the plaintiff to exercise any degree of care for his personal safety, if by the situation and circumstances it was necessary for passengers to go upon defendant's road-bed in reaching the depot. The evidence shows that the respective pathways on the north and south sides of the main tracks, between Western Avenue and the depot, were located upon the outer edge of the foundation upon which the tracks were laid, and might, therefore, be considered as being in a certain sense a part of the road-bed, but that such pathways were in a passably good condition, and so situated as respected the tracks, as to be entirely safe for pedestrians to travel upon. And it appears that the plaintiff, although familiar with the locality, elected not to take either of said ways outside the tracks, but to go upon the space between them, which exposed him to danger and the misfortune which overtook him. Upon that point the defendant's counsel asked the court to instruct the jury, that the plaintiff was bound to know that the space between the defendant's

north and south main tracks was a place of danger and that he was bound, while walking between said tracks, to use a degree of care commensurate with the danger, and that it was his duty to use his senses both of sight and hearing, to learn of the approach of any train on said tracks.

But the court refused to so instruct, and the same propositions were not embodied in any instruction that was given. In view of the theory of plaintiff's right of recovery, under which his case was submitted to the jury by the instructions on his behalf, the defendant was clearly entitled, under the law as settled in this and most of the other States, to have that instruction given, and it was error to refuse it. We are of opinion that for the errors pointed out, the judgment must be reversed. But counsel for the appellant urge that the evidence shows plaintiff to have been guilty of such a degree of contributory negligence that he is precluded from a recovery, wherefore the case should not be remanded. The evidence tends to support the theory that, although the plaintiff was negligent in exposing himself to danger, yet that his situation was observed by one of the servants of defendant upon the train which was run against him, in time for him to have caused the train to be stopped and thus to have avoided the injury by the exercise of ordinary care. The plaintiff was not a trespasser. He was upon defendant's right of way for a purpose of business connected with the defendant, viz., to take passage upon one of its trains.

We are unable to say that the case, in that aspect, was such upon the evidence as to justify us either in affirming, notwithstanding the errors adverted to, or in refusing to remand for a new trial. There seem to be two classes of decisions applicable to such a case as this, where the party injured has been guilty of contributory negligence. One class holds that if he has been guilty of such negligence he can not recover without showing an intention, actual or constructive, on the part of the defendant to inflict the injury. Pennsylvania Co. v. Sinclair, 62 Ind. 301. In this State the doctrine is well settled, that in order to recover on the ground of mere negligence of the defendant as distinguished from a wilful tort or intentional

wrong, the party injured must be in the exercise of ordinary care. C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512. And yet it is intimated in that case that there might be a recovery although plaintiff's intestate was guilty of negligence which exposed him to the risk of injury, if the servants of defendant having charge of the train after becoming aware of his danger could, by the exercise of ordinary care and diligence, have avoided the injury, and they failed to exercise such care and diligence. It may be that what was said should be understood as meaning that such neglect, under certain circumstances, would, in contemplation of law, be equivalent to intentional mischief, as was held in Kenyon v. N. Y. C. R. R. Co., 5 Hun, 479, where a child two years and a half old was seen on the track by the engineer in ample time to have stopped the engine, but was run over. The English doctrine is, that though the plaintiff may have been guilty of negligence and although that negligence may, in fact, have contributed to the accident, yet, if the defendant could, in the result, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse him. Cooley on Torts, 675; R. & D. R. R. Co. v. Anderson, 31 Gratt. 816, and authorities cited; L. S. & M. S. R. R. Co. v. Miller, 25 Mich. 277; Brown v. H. & St. J. R. R. Co., 50 Mo. 461; Whart. on Neg., Sec. 389 (a), and cases in notes.

We are inclined to the opinion that if the plaintiff was guilty of want of ordinary care which directly contributed to the injury, he will be prevented thereby from a recovery in the aspect of the case we are now considering, unless he shows that the act of running the train against him, was, under the circumstances, equivalent to intentional mischief on the part of defendant's agents and servants in charge of the train.

The judgment of the court below will be reversed and the cause remanded.

*Judgment reversed.*