[No. 540.   August 28, 1895.]

PACIFIC GOLD COMPANY, PLAINTIFF IN ERROR, v. WILLIAM SKILLICORN & LANSON A. SNYDER, DEFENDANTS IN ERROR.

WITNESS—INSTRUCTION AS TO CREDIBILITY.—An instruction that, if the jury believed any witness had testified falsely as to any material matter in issue, they had the right to disregard all the testimony of such witness, unless such testimony was corroborated by other credible testimony, was misleading and erroneous, in omitting the essential element that the witness had knowingly and willfully sworn falsely.

ERROR, from a judgment in favor of defendants, to the Fifth Judicial District Court, Eddy County. Reversed.

The facts are stated in the opinion of the court.

T. B. CATRON and H. L. PICKETT for plaintiff in error.

The court erred in rendering any judgment for defendants in the absence of any plea by them. Gould, Pl. 502, 506; Swan v. Rary, 2 Blackf. 291; Seivers v. McCall, 1 Ind. 393; Miles v. Rose, Hemp. 37; Dart v. Lowe, 5 Ind. 133; Swope v. Ardery, Id. 215; Beaird v. U. S., Id. 220; Rutherford v. Terris, Id. 530; Gage v. Reed, 15 Johns. 403; Yale v. Coddington, 21 Wend. 175; Mayfield v. Bush, 2 Sneed, 444; Potterfield v. Butler, 47 Miss. 170; 12 Am. Rep. 329; Comp. Laws, secs. 1908, 2190.

The court erred in charging the jury: "If you believe that any witness has testified falsely upon a material matter in issue, you have a right to disregard all the testimony of such witness, unless such testimony is corroborated by other credible witnesses." Rapalje on Witnesses, 318, sec. 192; Gottlieb v. Hartman, 3 Colo. 60; People v. Strong, 30 Cal. 156; Poth. on Ob. 227; Brennan v. People, 15 Ill. 511; Quinn v. Rawson, 5 Brad. (Ill.) 131; City of Chicago v. Smith, 48 Ill. 107; Pollard v. People, 69 Id. 148; U. S. Express Co. v. Hutchins, 58 Id. 45; I. M. Bank of St. Louis v. Murdock, 62 Mo. 74; Shenweit v. Brueggestrabt, 8 Mo. App. 47. See, also, C., B. & Q. R. R. Co. v. Boger, 1 Brad. 478; State v. Peace, 1 Jones' Law, 256; State v. Jim, Id. 510; Swan v. People, 98 Ill. 610; Koehucky v. Ross, 16 Abb. Pr. (N. S.) 645, and cases cited; Bonnie v. Earll, 12 Montana, and cases cited. All the interrogatories submitted to the jury should have been answered. Thomp. on Tr., 2032, secs. 2685, 2686;

Summons v. Greathouse, 87 Ind. 205; Buntin v. Rose, 16 Id. 209; Maxwell v. Boyne, 36 Id. 120; First Nat. Bank v. Peck, 8 Kan. 660; Dyer v. Taylor, 17 S. W. Rep. (Ark.) 358; A., T. & S. F. R'y Co. v. Cone, 15 Pac. Rep. 499; 37 Kan. 567; Crane v. Reeder, 25 Mich. 304.

A failure of the court to require an interrogatory to be answered has the same effect as refusing to submit it. Thomp. on Tr. 2033, sec. 2685; City of Wyandotte v. Gibson, 25 Kan. 164.

A failure of the jury to answer a material interrogatory is equivalent to a failure to find a verdict, or a disagreement. Thomp. on Tr., sec. 2686.

Before the defendants were entitled to a verdict, they should have shown that they reached the ground in dispute by following their vien beyond their side lines, descending upon its dip continuously on ore of appreciable value in gold, to the ground in controversy. Rev. Stat., U. S., sec. 2322; 40 Fed. Rep. 787.

As to what constitutes an amended location, its object and purpose, see Strepy v. Stork et al., 5 Pac. Rep. 111.

HAMILTON, J.—This case is brought up by writ of error from the Fifth judicial district. It was an action in ejectment brought by the plaintiff against William Skillicorn and Lanson A. Snyder in the district court of Grant county, in the Third judicial district, and is a suit in ejectment brought for the possession of a mine called the "Pacific Lode," situated in the Pinos Altos mining district, in said county. The mine is particularly described in the declaration, which also asks for judgment, not only for the possession of the mine, but for $25,000 damages. After the suit was brought in Grant county, a change of venue was taken to Eddy county, in the Fifth judicial district, where the case was tried at the November term, A. D. 1892. There

was no plea filed by defendants.    The trial resulted in a verdict of not guilty, together with certain special findings made by the jury in the case.    Motion for new trial was overruled.    The case is brought here by writ of error.

Plaintiffs, to reverse the case, have assigned forty-three grounds of error; but, in the view which we have taken of the case, it will be necessary only to consider the second assignment of error made by the plaintiffs, which is as follows:    "The court erred in the thirty-third instruction given to the jury in that it misled the jury by the following words: 'If you believe that any witness has testified falsely upon any material matter in issue, you have a right to disregard all of the testimony of such witness, unless such testimony is corroborated by other credible testimony.'"    The whole of the instruction of which this is a part is in the following language: "It is your duty to determine the credibility of the witnesses in this case.    If you believe the testimony to be conflicting, you should first endeavor to reconcile the same, if you can.  If you can not do so, you must then determine which of the witnesses you will believe.  If you believe that any witness has testified falsely upon a material matter in issue, you have a right to disregard all the testimony of such witness, unless such testimony is corroborated by other credible testimony."    There are three propositions contained in this instruction.    The first proposition is that it is the duty of the jury to determine the credibility of the witnesses, and the weight which should be attached to their testimony; second, that, if the testimony is conflicting, it will be the duty of the jury to reconcile the same, if it can be done, and that, if the testimony can not be so reconciled by the jury, they must then determine which of the witnesses are entitled to belief.    This part of the instruction is not

WITNESS: instruction as to credibility.

seriously objectionable, but it is the latter part of the instruction which is complained of, as not having been given in the language required by law. This language to which objection is made in this instruction is as follows: "If you believe that any witness has testified falsely upon a material matter in issue, you have a right to disregard all the testimony of such witness, unless such testimony is corroborated by other credible testimony." It is contended that this part of the instruction has misled the jury, by directing them to disregard the testimony of any witness who had sworn falsely, without regard to whether such testimony had been given knowingly and willfully false. It is certainly the province of the jury, in all cases, to weigh the testimony offered by the various witnesses, and to give to the testimony of such witnesses such credit as they, in their judgment, think it may be entitled to. The jury have a right to disregard the testimony of any witness or witnesses who have testified in the case, provided they believe that such witness or witnesses have willfully and intentionally sworn falsely in any material part of their testimony. Whether the jury will disregard the testimony of any witness must depend upon circumstances. The jurors have a right to exercise their judgment with the same care that a judge would use in weighing the testimony. It is not every unintentional mistake respecting a material fact that will authorize the jury in disregarding the testimony of a witness. If a witness has made a mistake in his testimony, or if he has testified untruly, about any material fact, it may affect his testimony, in the minds of the jury; but the jury are not authorized to disregard the whole of the testimony of the witness simply because he may, by mistake or by misapprehension, have stated what is untrue. The jury must believe that he has testified knowingly and willfully false as to some material portion of the testimony given by him. In

Rap. Wit., sec. 192, he lays down what we consider to be the rule in such cases: "The true rule undoubtedly is that if a witness willfully and knowingly testifies falsely to any material fact in the case, the jury are authorized to discredit and reject the whole of his testimony." This we understand to be the rule which has been followed almost universally by the courts of the country. In the case of Gottlieb v. Hartman, 3 Colo. 59, the court were considering an instruction in the following language: "That they [meaning the jury] are the sole judges of the credibility of the several witnesses, and that if they believe from the evidence that one of the witnesses has spoken falsely, in any particular, then the jury are at liberty to disregard all the evidence of the witness." In considering this instruction, the court say: "A witness, through mistake, from imperfect memory, or through a misunderstanding, may unintentionally tell an untruth in evidence. In such case, although the jury might believe, from all of the evidence, that the witness had testified falsely in some particular, they would not therefore be at liberty to wholly discredit the witness, unless they further believed from the evidence that the witness had intentionally told an untruth." In the case of People v. Strong, 30 Cal. 156, the court, in passing upon an instruction similar to the one under consideration used this language: "As a general proposition, the jury can not be said, of their mere caprice, under the guise of a legal discretion, to disregard the entire testimony of a witness because he may have made an innocent mistake as to a particular fact." The court also, in that opinion, quoting from Pothier on Obligations, use this language: "It is said that if a witness deposes falsely in any part of his testimony the whole of it is to be rejected; and this is certainly correct, so far as the falsehood supposes the guilt of perjury, the ground of credit being thereby destroyed. But if nothing can be imputed to the witness

but error, inaccuracy, or embarrassment,—if there does not appear to be a real intention to deceive or misrepresent,—neither the objection nor the reason for it applies." This question has also been considered by the supreme court of Missouri in the case of Iron Mountain Bank of St. Louis v. Murdock & Armstrong, 62 Mo. 74, in which the court in that case passed upon an instruction in the following language: "If the jury believe from the evidence that any witness has sworn falsely in regard to any material fact in issue, they are at liberty to disregard his entire evidence." The court, in passing upon this instruction, say: "It is not true, as a legal proposition, that because a witness has honestly testified to that which is, in point of fact, untrue, therefore the jury may reject the whole of his testimony. It is only where a witness has knowingly testified to an untruth that an instruction of this character should be given."

An instruction of the nature of the one under consideration should only be given where the testimony in the case is of a character to warrant it, and then it should not be given except in proper form. It is often true, as a matter of fact, that even the best and most reputable citizens of a community, in undertaking to relate the facts and circumstances connected with a particular matter, may differ widely in their versions or statements in relation to it, and may even make statements honestly which, as a matter of fact, are untrue; yet this alone should not furnish a basis for impugning their integrity, or denouncing such persons as wholly unworthy of belief. See, also, the case of Paulette v. Brown, 40 Mo. 52. In the case of Wilkins v. Earle, 44 N. Y. 172, an instruction of this kind was given: "That if the plaintiff's relation of material facts is contradicted in one or more important particulars, about which he can not be deemed simply mistaken, his evidence is not entitled to credit." The judge in-

structed them that they were authorized in that case to disbelieve the plaintiff's whole statement, but were not bound to do so. The court say, in passing upon this instruction: "The request was not correct. The mere fact that his evidence was contradicted as to any fact or facts as to which he could not be simply mistaken was not conclusive as to the falsity of the evidence as to those facts. The jury might have believed the evidence, although contradicted. The jury must believe the evidence to be willfully false in some particular, before they are authorized to discredit the whole evidence of a witness."

The question of the legality of an instruction like that under consideration has been before the supreme court of Illinois in a number of cases, from the earliest history of that state down to the present time, and the courts of that state have uniformly held such an instruction to be improper. In the case of Brennan v. People, 15 Ill. 511, the court used this language: "The nineteenth instruction was erroneous. It authorized the jury to discredit a witness altogether, if he swore falsely in a single particular. It does not follow, merely because a witness makes an untrue statement, that his entire testimony is to be disregarded. This must depend upon the motive of the witness. If he intentionally swears falsely as to one matter, the jury may properly reject his whole testimony, as unworthy of credit, but, if he makes a false statement through mistake or misapprehension, they should not disregard his testimony altogether." This doctrine was followed in the case of Pollard v. People, 69 Ill. 148. In the latter case an instruction almost like the one now under consideration was given, in the following language: "The jury are instructed that if they believed from the evidence that any of the witnesses who have testified on the part of the defense have sworn falsely on any material fact in issue, then they have

the right to entirely disregard their testimony, unless corroborated by other credible evidence in the case." The court, in passing upon this instruction in that opinion, say: "The instruction was clearly wrong. It omits the essential element that the witness has willfully and knowingly sworn falsely;" citing in support of the rule laid down, Brennan v. People, 15 Ill. 512, and city of Chicago v. Smith, 48 Id. 107. This doctrine has been followed by the supreme court of that state in the case of Swan v. People, 98 Ill.610,in which an instruction in the following language was given: "The jury are instructed that if they shall believe any witness or witnesses sworn in this case is or are unworthy of belief, because of his or their manner on the stand, or because of his or their contradictory statements, or because of his or their material points being contradicted by reliable evidence, or because of his or their having heretofore, under oath or otherwise, made statements on material points different from those made by him or them on this trial, then the jury may entirely reject the testimony of such witness or witnesses, except upon the matters wherein they are corroborated by other reliable testimony." The court, in passing upon this instruction, following the rule heretofore stated, used this language: "In all cases, and especially such as this, where the evidence is inharmonious, it is indispensable that the jury should be accurately instructed. The instruction omits the element that the witness must be contradicted on a material point in his testimony, to authorize the rejection of his evidence as being unworthy of belief. Nor does the instruction inform the jury that, to authorize them to reject all of a witness' evidence, he must have knowingly and intentionally made misstatements as to some material point in the case." The court cites, in support of this doctrine, U. S. Express v. Hutchins, 58 Ill. 44; Bonnie v. Earll, 12 Mont. 240; Otmer v. People, 76 Ill. 149; Gul-

liher v. People, 82 Id. 146.   It will therefore be seen
that the instruction under consideration is almost in
the same language as the instructions which are given
and passed upon by the court in the two cases last above
cited.   The latter part of the instruction under consid-
eration, which provides "that the jury have the right
to disregard all of the testimony of such witness, unless
such testimony is corroborated by other credible testi-
mony," does not cure the instruction; i. e., the clause
which provides that the testimony should be corrobo-
rated by other evidence does not cure the instruction. It
is the lack of the words "knowingly" and "willfully"
which destroys this instruction.

Under the authorities above cited, and under the
rule as we understand it, which is universally adopted
in other states, aside from those which are given, it is
clear that the instruction above given does not contain
the language which would make it a valid instruction,
under the law.   It gave the jury the authority to dis-
regard all the testimony of any witness or witnesses
who may have testified falsely, regardless of the fact as
to whether that testimony was given intentionally or
knowingly false.   It is not the false statement, alone,
of the witness, which will authorize the jury to dis-
credit it, but it is testimony which may be falsely given
by a witness, knowingly and intentionally, which de-
stroys it.   We therefore conclude that the court erred
in giving the thirty-third instruction, and for that rea-
son the case must be reversed and remanded for such
further proceedings in the cause as may be proper.

Laughlin and Bantz, JJ., concur.