This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number:** _____

**Filing Date:** <u>June 16, 2014</u>

**NO. 33,324**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**MICHAEL EVANS,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Gary L. Clingman, District Judge**

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Daniel F. Haft, Special Assistant Attorney General

Santa Fe, NM

for Respondent

**DECISION**

**MAES, Justice.**

**{1}** In this case we review the district court's decision to sentence seventeen-year-old Defendant Michael Evans as an adult for second-degree murder when a psychologist's report concluded that Defendant was amenable to treatment as a juvenile in an available facility. We find that substantial evidence supports the district court's determination that Defendant was not amenable to treatment, even if a facility did exist. However, because the district court did not order a predisposition report, we reverse the sentence and remand so that the adult probation and parole division of the corrections department is ordered to prepare a predisposition report before Defendant is resentenced.

**{2}** Because Defendant raises no questions of law that New Mexico precedent does not already sufficiently address, we issue this nonprecedential decision pursuant to Rule 12-405(B)(1) NMRA.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

**{3}** Defendant Michael Evans was seventeen years old when he shot and killed his mother's long-time, live-in boyfriend. Defendant admitted to the shooting and claimed

it was an accident. The State first filed a petition in children's court charging Defendant with first-degree murder and tampering with evidence. However, the State then filed a criminal information in district court charging Defendant with second-degree murder and tampering with evidence.[1] After a jury trial, Defendant was convicted of second-degree murder and tampering with evidence.

{4}     Following the jury verdict, the district court ordered an evaluation by the Youth Diagnostic Development Center (YDDC) to "determine if [Defendant] is amenable to treatment as a juvenile offender." The YDDC report was to be made available to the court and to counsel; however, no such report appears anywhere in the record.

{5}     On December 30, 2010, the district court ordered a second amenability report to be conducted by psychologist Dr. Sylvia Nesbitt. Dr. Nesbitt's report concluded that Defendant was amenable to treatment and that "the J. Paul Taylor Correctional

---

[1]It should be noted that the district court's decision to close Defendant's case in children's court and open a new case file in district court violates New Mexico's children's court rules. *See State v. Rudy B.*, 2010-NMSC-045, ¶19, 149 N.M. 22,243 P.3d 726 ("When a child is an alleged youthful offender, the State may seek an adult sentence by giving notice of its intent to do so within ten days of filing the initial petition. See § 32A-2-20(A). The child is then tried in children's court, but according to the Rules of Criminal Procedure for the District Courts. *See* Rule 10-101(A)(2)(b) NMRA."). Defendant did not object to the State's filing a criminal information in district court rather than children's court nor does Defendant raise the procedural irregularity on appeal.

2

Facility in southern New Mexico would be an appropriate environment for [Defendant]."

{6}      On March 28, 2011, the district court held a sentencing hearing that also addressed the issue of amenability. The State began by stating that it had received a copy of Dr. Nesbitt's report, characterizing it as displaying an "extraordinary level of naiveté that people in that profession seem to exhibit," and arguing that it failed to take into account that Defendant had been convicted of using a high-powered rifle to murder a man lying on the ground. The State argued that it could have convicted Defendant of first-degree murder had it been charged. The State characterized Defendant as a "sociopath" who could turn his emotions on and off and who had put on a display of phony emotion during the police interview. The State urged the district court to sentence Defendant for the maximum of nineteen years (fifteen years for second-degree murder, a one-year firearm enhancement, and three years for tampering with evidence to run consecutively) so that Defendant could be a "little man in the state penitentiary" rather than a "big man on campus at a juvenile facility." The State also argued that Defendant was just short of his eighteenth birthday when the crime was committed—the inference being that he should be sentenced as an adult.

3

**{7}** The Juvenile Probation and Parole Officer then testified, explaining that Defendant had been placed on probation prior to this incident for gun possession. He reported that Defendant had requested a hearing to withdraw his admission to the gun possession charge; however, Defendant's probation compliance "did not go well" and Defendant failed to appear for his requested hearing, after which a bench warrant was issued.

**{8}** Defendant argued that he was seventeen years and five months old when the crime occurred and, therefore, is considered a juvenile under the law; that Dr. Nesbitt's tests were designed to address concerns of rehabilitation; and that the tests administered by Dr. Nesbitt determined that Defendant was amenable to treatment. Defendant urged the district court to adopt Dr. Nesbitt's recommendations, although Defendant did not explicitly cite the finding in Dr. Nesbitt's report that "the J. Paul Taylor Correctional Facility in southern New Mexico would be an appropriate environment for [Defendant]."

**{9}** Defendant's sister then addressed the court, explaining that Defendant had never exhibited signs of violence or aggression prior to this incident and urged the court to sentence him as a juvenile, in part, so he could be a part of his five-month-old daughter's life. Defendant also addressed the court.

{10} The district court then announced that

> Dr. Nesbitt makes some broad statements about you being amenable to treatment, but she never gets to the second half of the finding: "in available facilities." I don't know of available facilities where you could be sent for the treatment that you need. And I'm not sure that I agree with her conclusion about amenability to treatment. I look at the factors that I'm to consider in determining whether you're to be sentenced as an adult.

The district court then went through the statutory factors on amenability, concluding that "I'm just not persuaded by Ms. Nesbitt's report that you are amenable to treatment. I think the pattern of your life is such that this is how you live, and you'll be sentenced as an adult." Accordingly, Defendant was sentenced as an adult to eighteen years incarceration with a one-year firearm enhancement.

{11} The district court issued written findings on Defendant's amenability, stating that "the Court **FINDS** that Michael Evan[s] is amenable to treatment as a child, but there are no facilities available," followed by its analysis of seven statutory factors on amenability. Defendant then filed a motion for reconsideration of the sentence, arguing that Defendant had advised the district court at sentencing that the J. Paul Taylor facility was available for Defendant. Without holding a hearing, the district court issued an order denying Defendant's motion for reconsideration, stating that "the

Court Finds that Michael Evans is not amenable to treatment as a juvenile in existing facilities within or without New Mexico."

{12} He appealed his convictions to the Court of Appeals. The Court of Appeals affirmed Defendant's adult sentence in an unpublished memorandum opinion. *See State v. Evans*, No. 31,331, mem. op. (N.M. Ct. App. Nov. 3, 2011) (non-precedential).

{13} Defendant appealed to this Court. We granted Defendant's petition for writ of certiorari but only on one of the six issues raised: "Did the court err by imposing adult sanctions?"

## II.    STANDARD OF REVIEW

{14} We review a district court's amenability determination under an abuse of discretion standard. *See State v. Sosa*, 1997-NMSC-032, ¶ 7, 123 N.M. 564, 943 P.2d 1017 (reviewing an amenability determination and stating that "[t]his Court will find an abuse of discretion when the lower court's decision is clearly against the logic and effect of the facts and circumstances of the case. . . . we will not find an abuse of discretion unless we can characterize the district court's determination as clearly untenable or not justified by reason.") (internal quotation marks and citation omitted). This Court does not substitute its judgment for that of the district court nor reweigh

6

the evidence. *State v. Trujillo*, 2009-NMCA-128, ¶13, 147 N.M. 334, 222 P.3d 1040. "We view the evidence in the light most favorable to the [district] court's decision, resolve all conflicts and indulge all permissible inferences to uphold that decision, and disregard all evidence and inferences to the contrary." *Id*.

**III.    DISCUSSION**

**A.    The district court did not abuse its discretion when it found that Defendant was not amenable to treatment or rehabilitation as a child in available facilities**

{15}    Defendant argues that the district court abused its discretion by imposing an adult sentence because (1) the district court's written findings state that Defendant was amenable to treatment but that no facilities were available, contrary to the psychologist's report suggesting the J. Paul Taylor Correctional Facility; and (2) the district court disregarded the uncontroverted psychologist's report that found Defendant amenable to treatment.

{16}    The Delinquency Act requires that prior to sentencing a youthful offender convicted of second-degree murder as an adult, the district court must find "that the child is not amenable to treatment or rehabilitation as a child in available facilities." NMSA 1978, §32A-2-20(D) (2009). Subsection (C) outlines the eight factors that a judge must consider in making an amenability finding:

(1) the seriousness of the alleged offense;

(2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

(3) whether a firearm was used to commit the alleged offense;

(4) whether the alleged offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted;

(5) the maturity of the child as determined by consideration of the child's home, environmental situation, social and emotional health, pattern of living, brain development, trauma history and disability;

(6) the record and previous history of the child;

(7) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of procedures, services and facilities currently available; and

(8) any other relevant factor, provided that factor is stated on the record.

§32A-2-20(C).

{17}    While it is true as Defendant argued in his motion to reconsider sentencing, that the judge said "I don't know of available facilities where you could be sent for the treatment that you need," this statement was clarified in the court's written findings. The district court judge listed each of the eight statutory factors and his determination

8

regarding each one as it related to Defendant. After considering all of the testimony and evidence, the judge found that:

1. [S]econd-degree murder is a serious offense.

2. Defendant acted in an aggressive, violent and willful manner.

3. Defendant used a high-powered rifle at very close range against the [boyfriend], who was on the ground at the time.

4. The crime is obviously one against a person resulting in the death of [that person].

5. Defendant's maturity, environment, and social situation were not any more difficult than many others similarly situated.

6. Defendant has had a significant history as a child including a firearm offense for which he was evading arrest at the time of [this] crime.

7. Since Defendant turned eighteen during the course of this proceeding, he is too old for detention in a juvenile facility, and incarceration in a facility of the Department of Corrections is necessary to protect the public.

{18}   While the district court's findings may have appeared to be inconsistent based on each side's interpretation of whether Defendant was amendable to treatment or whether facilities were available, the court's findings of fact regarding amenability order and its order denying defendant's motion for reconsideration of sentence both indicate that the statutory factors were indeed considered. The statutory language of Section 32A-2-20(C) merely requires that the district court *consider* the eight factors

9

prior to a final amenability finding. Thus, substantial evidence supports the district court's determination that Defendant was not amenable to treatment, even if a facility did exist.

{19} Defendant also argues that because the psychologist's report was uncontroverted, "[t]he judge's findings flew in the face of the un-rebutted expert recommendation. This constituted an abuse of discretion in contravention to . . . the law and the facts before the court," relying on *State v. Ira*, 2002-NMCA-037, ¶ 3, 132 N.M. 8, 43 P.3d 359 ("the court must find that . . . the child is not amenable to treatment or rehabilitation as a child in available facilities").

{20} The Court of Appeals rejected Defendant's argument, relying on *State v. Alberico*, and explained that an expert's opinion is not conclusive even when uncontroverted. 1993-NMSC-047, ¶ 36, 116 N.M. 156, 861 P.2d 192 ("[A]n expert's opinion is not conclusive of a fact in issue even though the opinion may be uncontroverted"). We agree with the Court of Appeals.

{21} In clarifying the rules of admissibility, the *Alberico* Court specifically rejected the assumption that expert testimony is given greater or lesser weight under New Mexico's rules of evidence. *See Alberico*, 1993-NMSC-047, ¶ 33 ("These rules do not characterize expert opinion testimony as a lesser or greater form of evidence, but

rather accord the trier of fact the discretion to evaluate such evidence just like any other admissible evidence."). Rather, the *Alberico* Court concluded that "[t]he proper focus is whether the expert testimony is competent; then the trier of fact has the discretion to evaluate expert testimony just like any other admissible evidence." *Id*. ¶ 96.

{22} The district court judge as the trier of fact evaluates the evidence in making the amenability determination, which includes the amenability report as part of the eight statutory factors. Having concluded that substantial evidence exists to support the district court's determination of non-amenability, the district court did not abuse its discretion in disregarding the expert's report after weighing the report as a part of its amenability determination. Accordingly, we affirm the district court's decision that Defendant could be sentenced as an adult.

**B.     Prior to imposing an adult sentence, the district court shall order the adult probation and parole division of the corrections department to prepare a predisposition report**

{23} Defendant also argues that the district court abused its discretion by proceeding directly with sentencing after finding Defendant not amenable to treatment and without any predisposition report, as required by statute. The State concedes this point.

11

{24} If "the court makes the findings necessary to impose an adult sentence pursuant to §32A-2-20 NMSA 1978, the adult probation and parole division of the corrections department shall prepare a subsequent predisposition report." NMSA 1978, Section 32A-2-17(A)(3)(b) (2009). The Court of Appeals upheld the plain language of this provision in *State v. Jose S.*, explaining that "the trial court, upon making a finding of non-amenability, should have ordered a subsequent predisposition report from the adult department of corrections and then conducted a separate sentencing hearing at a later time under Subsection (A)(3)(b)." 2007-NMCA-146, ¶ 17, 142 N.M. 829, 171 P.3d 768; *see also State v. Gutierrez*, 2011-NMSC-024, ¶¶ 65-66, 150 N.M. 232, 258 P.3d 1024 (recognizing *Jose S.*, reversing the child's sentence for first-degree murder, and remanding to the district court "with instructions that a pre-sentence report be prepared and submitted to the court and the parties prior to re-sentencing.").

{25} Here, as the State concedes, after finding Defendant not amenable to treatment the district court failed to order the adult probation and parole division of the corrections department to prepare a predisposition report before sentencing. A predisposition report must be prepared and made available to the parties and the district court prior to sentencing. Because the district court failed to order the

predisposition report before sentencing as required by statute, we remand Defendant's case for resentencing.

**IV.   CONCLUSION**

{26}    For the reasons outlined above we affirm the district court's determination of non-amenability. However, because the district court improperly sentenced Defendant by not ordering a predisposition report we reverse Defendant's sentence and remand to district court to order the adult probation and parole division of the corrections department to prepare a predisposition report and submit to the court and parties prior to resentencing.

{27}    **IT IS SO ORDERED.**


_____
                                    **PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**


_____
**BARBARA J. VIGIL, Chief Justice**


_____
**RICHARD C. BOSSON, Justice**

13

_____
**EDWARD L. CHÁVEZ, Justice**


_____
**CHARLES W. DANIELS, Justice**