THE CITY OF CHICAGO

*v.*

BRIDGET SMITH.

1. NEW TRIAL—*verdict against the evidence.* When the evidence to support a verdict, although not satisfactory to this court, is of such a nature as will warrant the finding, a new trial will not be granted.

2. SAME—*excessive damages.* Where, in an action for negligence, the damages awarded were, in the opinion of the court, large for the injury sustained, yet, they were not so excessive as to indicate passion or prejudice on the part of the jury in awarding them, the verdict will not be disturbed.

3. WITNESSES—*credibility of.* The maxim " *falsus in uno, falsus in omnibus,*" should only be applied in cases where a witness wilfully and knowingly gives false testimony.

4. INSTRUCTION—*need not be repeated.* It is not error for the court to refuse an instruction which, in substance, had already been given in others. Instructions need not be repeated.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action on the case, brought by the appellee against the appellant, in the court below, to recover for injuries received and occasioned, as alleged, from the negligence of appellant, in not keeping its streets in a safe and suitable condition for persons traveling thereon. The case was tried before the court and a jury, and a verdict of $1,311.00 rendered for the plaintiff. A motion for a new trial was made and overruled, and judgment entered on the verdict, to reverse which the record is brought to this court by appeal.

Mr. S. A. IRVIN, for the appellant.

Mr. E. W. EVANS, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

It is not denied, the City of Chicago is liable to an action for any injury occasioned to a person by reason of the dangerous condition of the sidewalks or streets of the city, under the control of its authorities, such person using proper care to guard against accidents to which he may be exposed by reason of such condition of a street or sidewalk under such control.

The testimony shows great negligence on the part of the city authorities in suffering the catch-basin of this hydrant to be so clogged and filled up, as to render it incapable of receiving and passing off the water from the hydrant. It was also negligence in the city officials to flush the hydrant in the manner it was done, and if it was necessary it should so have been flushed as to run the water into the street, and on to the aprons at the crossing, it was their duty, if the water froze upon them, to remove it as soon as possible. It is certain the plaintiff was negligent also, for she saw the ice—"it was a hill of ice" —and she essayed to cross it, under the light of a street lamp, when if she had gone but a little to one side or the other, the accident would not have happened. But the jury have compared her negligence with that of the city authorities, and found the preponderance against the city, by evidence which, though not satisfactory to us, is of such a nature as to prevent this court, in respect to its repeated decisions, from any interference to disturb it.

The damages, we think, are large for such an injury as the plaintiff received, but we cannot say they are so excessive as to manifest prejudice or passion on the part of the jury.

As to the eighth instruction asked by the defendant and refused, we are of opinion, under the authority of the case of *Brennan* v. *The People*, 15 Ill.516, it should not have been given. There the court say, it does not follow, merely because a witness makes an untrue statement, that his entire testimony is to be disregarded. This must depend on the motive of the

witness. If he intentionally swears falsely as to one matter, the jury may properly reject his whole testimony as unworthy of credit. But if he makes a false statement, through mistake or misapprehension, they ought not to disregard his testimony altogether. The maxim, "*falsus in uno, falsus in omnibus,*" should only be applied in cases where a witness willfully and knowingly gives false testimony. The instruction refused omits an important element, that of intention, and was properly refused.

The fifth instruction is a substantial copy of an instruction held to be proper by this court, in the case of the *St. Louis & Terre Haute R. R. Co.* v. *Todd,* 36 Ill. 415, but not the explanation as made in this case, as to its meaning.

But there was no error prejudicial to the defendant, by refusing it, because the court had given for the defendant an instruction which fully embraced it. It is instruction 3, and as follows:

"The jury are also instructed that the plaintiff was bound to exercise ordinary care and prudence in attempting to cross the street, and even if the jury should be convinced, from the evidence, that the crossing in question was dangerous, yet if the accident is attributable to the want of ordinary care on the part of the plaintiff, she cannot recover unless the jury shall be satisfied, from the evidence, that the city was guilty of that gross negligence which implies willful injury."

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*