JONES *vs.* THE STATE OF GEORGIA.

1. Indictment charging burglary, but not specifying either the day-time or the night time, is demurrable upon arraignment. The defect, however, is not cause for arresting the judgment after verdict finding burglary in the day-time.
2. Reasonable doubt between several offenses covered by the indictment should result in finding the offense of lower grade ; but when the doubt is between offenses (alike except in the element of time and in the degree of punishment), one of which is covered and the other not covered by the indictment, neither can be found.

Criminal law. Burglary. Indictment. Reasonable doubt. Before Judge Grice. Crawford Superior Court. September Adjourned Term, 1878.

An indictment was found against Jones for the offense of burglary, alleged to have been committed upon the store-house of one John Jones, on May 14th, 1871. Whether perpetrated in the day or night was not set forth. Upon this ground a demurrer was filed on arraignment. This the court overruled, stating that it would allow the indictment to go before the jury as charging burglary in the day-time.

The defendant pleaded not guilty. The evidence, so far as material, presented the following facts :

On May 13th, 1871, John Jones locked, or fastened, a house which he formerly used as a negro-house, but in which he then had some peas and cotton-seed stored. He left home on that day (Saturday) and returned on Sunday night. On-Monday morning he ascertained that the house had been broken open and some peas stolen. The peas were found in the possession of the defendant. Jones asked the negroes on the place who had broken open the house and taken the peas? Defendant responded that he did not know. Jones said that he was tired having so much stealing on his place, and intended to prosecute them at court. Defendant was in the crowd when he asked what boys in the neighborhood had been there during his absence? They said Eff Harris had been there. Jones sent after Eff, and when he came in sight there was a white man with him. Some of the negroes remarked, "Yonder comes Mr. Smith, and whoever got those peas had better let it be known." Defendant then turned to Jones and said, "Mars. Jack, I don't want you to take me to court about this matter, I got the peas out of the house, and they are now in my house." On the next day the peas were found at the place designated by him. Smith was a justice of the peace.

The jury found the defendant guilty of burglary in the day-time. He moved in arrest of judgement upon the same ground as was the basis of demurrer. He also moved for a new trial upon the following, among other grounds:

1. Because the court overruled the demurrer to the indictment.

2. Because the court erred in charging the jury that if the proof satisfied them that the crime may have been committed either in the day or night, and left them in doubt as to whether it was committed in the day or night, then they should find the defendant guilty of burglary in the day-time, as all reasonable presumptions were in favor of the prisoner, and the punishment was less if the crime was committed in the day.

Both the motions were overruled and the defendant excepted.

R. D. SMITH ; BACON & RUTHERFORD, for plaintiff in error, cited Code, §§4386, 4388 ; 41 *Ga.*, 483 ; 46 *Ibid*, 214.

C. L. BARTLETT, solicitor-general, for the state, cited, on indictment, 59 *Ga.*, 507 ; 2 Russ. Cr., 46 ; 2 Cox Crim. Cas., 377 ; 2d East P. C., ch., 15, p. 513 ; 2 Arch. Cr. Pr., 1101 ; 4 Den., 68 ; R. M. Charlton, 80 ; Hotchkiss, 713 ; 2 Hall, 179. On evidence, 58 *Ga.*, 78 ; 59 *Ib.*, 456.

BLECKLEY, Justice.

1. As the Code distinguishes between burglary in the day-time and burglary in the night-time, fixing the term of imprisonment and labor for the former at not less than three nor more than five years, and for the latter at not less than five nor more than twenty years, an indictment which is silent as to the time of the burglary, except in charging the mere date of its commission, is less full and specific than it ought to be, and is, therefore, demurrable. To be beyond the reach of exception or demurrer interposed in writing on arraignment, it ought to charge all that is requisite to render plain and certain every constituent of the offense. Where the question of day or night is necessarily to be considered, and must be directly passed upon before a verdict of guilty can be rendered, the whole nature of the particular offense intended to be proved against the prisoner, cannot be easily understood by the jury from reading the indictment or hearing it read, if it does not refer the criminal act either to the day-time or the night-time. Failing in this, the indictment is ambiguous. However, after a verdict of guilty of burglary in the day-time has been returned, the judgment will not be arrested for the ambiguity, as such an ambiguity is aided by verdict. On motion in arrest, the indictment will be treated as sufficient to uphold the conviction.

2. Where the reasonable doubt of the jury vibrates between two offenses of different grades, both of which are within the terms of the indictment, the verdict should be a

finding of guilty for the offense of the lower grade. But where the region of doubt is between an offense which is within the indictment and one wholly outside of it, and neither includes the other, the verdict should be not guilty; since by acquittal only can the prisoner receive the benefit of the doubt. Hence, on an indictment for burglary containing no count for burglary in the night-time, if the evidence leaves it reasonably doubtful whether the burglary was in fact committed in the day-time, the prisoner cannot be convicted; for burglary of the one class does not include burglary of the other.  46 *Ga.*, 214.

If burglary in the night-time was in fact committed, it is as certain that the crime was not burglary in the day-time as it would be if no burglary whatever was committed; and the night-time felony not being charged, the jury cannot acquit of it any more than they can convict of it; so, the only possible way for them to give the prisoner the benefit of any reasonable doubt which they may have in respect to one offense or the other, is to acquit of the sole charge which the indictment brings before them.  Where two offenses are within the indictment, a conviction of the lesser acquits as to the greater, and thus the prisoner gets the benefit of the doubt between them; but with a single offense charged, to convict whether there is reasonable doubt or not touching it, is, in effect, to ignore the doubt altogether.  To prove that a burglary was committed in the day *or* in the night, one or the other, is certainly not to prove beyond a reasonable doubt that burglary in the day-time was committed.

While the court did not err in refusing to arrest the judgment, it did err in charging the jury on the subject of doubt. If the demurrer was in writing, there was also error in overruling it; but we do not find any demurrer in the record. Let there be a new trial unless the demurrer was in writing, in which latter case, let the indictment be quashed.

Judgment reversed.