Smith v. Forbes et al.

## JOHN H. SMITH

v.

## JOHN FORBES ET AL.

1. WITNESS—INSTRUCTION.—An instruction which authorizes the jury to discredit all of a witness' evidence not corroborated if he has testified falsely on a point material to the issue, is not proper. The maxim *falsus in uno falsus in omnibus* should only be applied in cases where a witness *willfully* and *knowingly* gives false testimony.

2. COSTS WHERE SOME OF THE DEFENDANTS ARE ACQUITTED.—Where three parties are sued together and two are acquitted, the defendants who

Smith v. Forbes et al.

are acquitted are entitled to a judgment against the plaintiff for their costs, and the plaintiff is entitled to a judgment against the defendant who was convicted for his costs, to the extent that costs were incurred in obtaining the judgment against that defendant.

Error to the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding. Opinion filed April 18, 1884.

Messrs. Wise & Davis, for plaintiff in error; that a witness must knowingly and willfully testify to what is not true in order to reject his entire testimony, cited Prickett v. Madison Co., 14 Bradwell, 454; City of Chicago v. Smith, 48 Ill. 108; Swan v. The People, 98 Ill. 610.

Messrs. Metcalf & Bradshaw, for defendants in error.

Casey, J. This was an action of trespass brought in the Madison Circuit Court by John H. Smith against John Forbes, Joseph Crawford and Robert M. Forbes. Upon the trial of the cause in the circuit court the jury returned a verdict of not guilty as to John Forbes and Joseph Crawford, and a verdict of guilty as to Robert M. Forbes, and the plaintiff's damages were assessed at five dollars. A motion for a new trial was entered by the plaintiff, which was refused by the court, and judgment entered on the verdict of the jury as follows:

" It is therefore ordered by the court that the plaintiff have judgment for and recover of and from Robert M. Forbes the sum of five dollars, his damages, so as aforesaid by the jury assessed, and it is ordered that the costs be taxed as follows: The defendant, Robert M. Forbes, to pay one third, and the plaintiff to pay two thirds, and that execution issue," etc. The case is brought to this court by a writ of error. The third error assigned is the giving of improper instructions for the defendants.

The fifth instruction given on the part of the defendant is as follows:

" The court instructs the jury, that if they believe from the evidence that the plaintiff has been contradicted and im-

peached in his evidence on a point material to the issue, then the jury are justified in rejecting all his evidence, whenever it is not corroborated by other testimony."

It was error to give this instruction. In the case of Brunam et al. v. The People, 15 Ill. 511, the Supreme Court, in passing upon a similar instruction, say: " It authorized the jury to discredit the witness altogether if he swear falsely in a single particular. It does not follow merely because a witness makes an untrue statement that his entire statement is to be disregarded. This much depends upon the motive of the witness. If he intentionally swears falsely as to one matter, material to the issue joined, the jury may properly reject his whole testimony as unworthy of credit. But if he makes a false statement through mistake or misapprehension they ought not to disregard his testimony altogether. The maxim *falsus in uno falsus in omnibus*, should only be applied in cases where a witness willfully and knowingly gives false testimony." Chittenden v. Evans, 41 Illinois, 251; City of Chicago v. Smith, 48 Ill. 107; Prickett v. Madison County, 14 Bradwell, 454.

The first and sixth instructions given on behalf of the defendants are objectionable, but when they are considered with other instructions given, we do not think that the jury was misled by them.

The ninth error assigned, questions the correctness of the judgment so far as it relates to costs. The statute provides that when several persons are made defendants to any action, and any one or more of them shall, upon the trial, be acquitted by verdict, every person acquitted shall recover his costs of suit in like manner as if such verdict of acquittal had been given in favor of all the defendants. Section 13, Chap. 33, Cothran's Statute, 1881.

Under the provision of the statute, the two defendants who were acquitted were entitled to a judgment against the plaintiff for their costs, and the plaintiff was entitled to a judgment against the defendant who was convicted, for his costs, to the extent that costs were incurred in obtaining the judgment against that defendant. We do not consider it necessary to pass on other errors assigned.

For the foregoing reasons, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.