CHARLES HILLMAN v. JOHN C. SCHWENK.

[See *post,* 297, 301.]

*Witness—Testimony as to matters equally within knowledge of deceased person—Evidence—Cross-examination—Credibility of witness—Charge to jury.*

1. In a suit by the holder of a note purporting to be indorsed *in blank* by a deceased payee, the fact that a *devisee* of the payee urges the defendant to defend on the ground that the indorsement is a forgery, and indemnifies him against loss in so doing, will not disqualify the plaintiff as a witness in his own behalf, Act No. 139, Laws of 1885, not being applicable to such a case.

2. In a suit by an indorsee involving the alleged forged indorsement of a promissory note, claimed to have been secured after its purchase, the plaintiff cannot testify who told him to procure such indorsement ; nor can it be shown on his cross-examination that the indorser had money to loan at the time of his death, and that plaintiff filed a claim against his estate ; but he can be asked if he had the pocket-book of the deceased after his death, he having testified on his direct examination that the note was kept in said book, and the defense claiming that he purloined it therefrom on the day the indorser died.

3. While an instruction to a jury that they are under no obligation to believe *any* of the testimony of a witness who swears falsely as to *one* material fact is technically correct, it is safer to further instruct them, in the same connection, that the credibility of *such* a witness is exclusively a question for them, and that there is no rule of law which prevents their giving him credit as to such portions of his testimony as they believe to be true and credible.

Error to Berrien. (Smith, J.) Argued January 4, 1888. Decided January 26, 1888.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*Spafford Tryon* and *Edward Bacon,* for appellant.

*William H. Breece (Clapp & Bridgman,* of counsel), for plaintiff.

SHERWOOD, C. J.   This is an action of assumpsit upon a promissory note made November 4, 1882, by John C. Schwenk and Barbara Schwenk, his wife, to John Weigers, for $200, payable in two years from date, with interest at 6 per cent.   The interest is indorsed paid, the last indorsement being in 1885.   The note was drawn to the payee or order, and appears to have been indorsed by him.[1]   The declaration was upon the common counts, and the plea the general issue, with notice that defendant would show, upon the trial, that Mrs. Schwenk signed the note as surety for her husband, and never received any consideration therefor, and that it did not relate to her separate property, and, further, that the note was never indorsed by John Weigers to the plaintiff, nor was the note ever transferred to him.   The defendant's notice was supported by his affidavit.

The plaintiff yielded to the facts claimed on behalf of the wife, and, on motion, discontinued as to her, amending the declaration accordingly, and proceeded to the trial before a jury, and obtained a verdict for the amount of the note, upon which judgment was rendered.

Upon the trial, the defendant sought to show that the payee's indorsement of the note was a forgery.   The jury, however, found otherwise.

At the time of the trial, John Weigers, the payee named in the note, was dead.   By his will, he had left a part of his estate to one Carl Wolff, who urged defense to be made to the note in question, and gave a bond to the defendant indemnifying him against all costs by reason of his defending the suit, and said Wolff took an active part in making the defense.   The defendant's counsel objected to the

---

[1] The indorsement reads, " John Weigers.   X"

testimony of the plaintiff relating to the purchase of the note from Weigers, because the facts were equally within the knowledge of the latter, and that the defense was being made in the interest of Wolff.

The defendant claimed that he was protected against this by How. Stat. § 7545, as amended by Act No. 139, Laws of 1885. We do not think the statute invoked applies to a case like the present, and this objection was properly overruled.

The only issue of fact in the case was whether or not the note in suit was the property of the plaintiff, or the property of Weigers when he died. The plaintiff's testimony shows that John Weigers died on the twelfth of April, 1886, and he claims that he purchased the note of Mr. Weigers in January previous. The plaintiff gave testimony of his purchase of the note, and of the circumstances under which he obtained Mr. Weigers' indorsement of the same, which he claimed to have secured some little time after he made the purchase. In this part of his testimony the witness was asked :

"Who told you, and how came it, that you ought to have Mr. Weigers' name on the note?"

This was objected to as "immaterial and hearsay." The objection was well taken, and the evidence should have been excluded.

On the cross-examination of this witness, defendant's counsel sought to prove that Mr. Weigers, at the time of his death, had money to loan. This testimony was properly excluded by the court. Also the fact that the witness put in a claim before the commissioners against Weigers' estate was irrelevant, and rightly excluded.

The witness was asked the following question by defendant's counsel upon his cross-examination : "Did you have his pocket-book after his death?" The plaintiff had been permitted to testify that Mr. Weigers kept the note in question in his pocket-book, and it was the claim of the defendant

that Weigers had the same therein until after his death, and that the plaintiff took the same therefrom on the day that he died. · The answer to this question was excluded, as not proper cross-examination. This was clearly error. So long as the plaintiff had been allowed to testify how he obtained the note on his direct examination, a cross-examination upon that subject, tending to show that he did not get it by purchase, but by purloining from the pocket-book, should have been permitted.

We find nothing in the rulings of the court upon the testimony offered needing further consideration, except that relating to the statements of the plaintiff to Dolphin about his purchase of the note, and the statements of the witness Taylor to the plaintiff as to what ought to be done with the notes. This was hearsay, and should have been excluded.

The only exceptions to the charge relate to the following clauses:

"1. During the trial of a case, if a witness swears to a matter willfully false in your belief, you are under no obligation to give him any credit for anything else that he says.

"2. If you come to the conclusion that any witness has deliberately told you that which is not true in the matter, then you are under no obligation to believe him in anything he may say in any other respect."

These charges are technically correct, and error cannot be successfully maintained upon them. We still feel it our duty to say that, when it becomes the duty of the court to give the jury instructions upon the subject, it should be done in such manner as to render it improbable that the jury should misapprehend the correct rule, and it would have been better and safer if the court had, in immediate connection with the clauses excepted to, said to the jury:

"The credibility of the witness, under such circumstances, is exclusively a question for the jury, and there is no rule of law which prevents their giving credit to such a witness as to such

portions of his testimony as they believe to be true and credible." *People v. Jenness*, 5 Mich. 305; *Knowles v. People*, 15 Id. 409; *Fisher v. People*, 20 Id. 135; *O'Rourke v. O'Rourke*, 43 Id. 58 (4 N. W. Rep. 531); *Mercer v. Wright*, 3 Wis. 645; *Morely v. Dunbar*, 24 Id. 183; *Chicago v. Smith*, 48 Ill. 107; *Martin v. People*, 54 Id. 225; *C. & A. R. R. Co. v. Buttolf*, 66 Id. 347.

For the errors stated, the judgment will be reversed, and a new trial granted.

CHAMPLIN and LONG, JJ., concurred with SHERWOOD, C. J.

MORSE, J. I concur in the result.

CAMPBELL, J., did not sit.