[No. 112.   Decided November 16, 1891.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
· MILLER, *Appellant*.

3  131|
27 531|
‾

### BURGLARY—INSUFFICIENCY OF INFORMATION—NEW TRIAL—DISCRETION OF COURT.

In a prosecution for burglary, an information charging the defendant with unlawfully breaking and entering a certain house is sufficient to sustain a charge of burglary, either by day or night, without alleging an unlawful entering in the night time, or an unlawful breaking and entering in the day time.

It is a sufficient averment in the information for burglary that the house which was broken into was a dwelling house, to allege the breaking and entering a house used as a hotel and lodging house, "the same being then and there the dwelling house" of a party named.

It is not an abuse of discretion for the trial court to refuse to grant a new trial upon the *ex parte* affidavit of a man who confesses the commission of the crime for which defendant was convicted, where there is no attempt to show affiant's residence, or whether defendant could procure his attendance at court at any future time, or whether affiant would swear to the matters set forth in the affidavit, if he should attend.

*Appeal from Superior Court, King County.*

The facts in this case are stated in the opinion.

*Crockett, Brown & Fortson,* for appellant.

There are two distinct offenses, either of which are burglary under our statute.   The time, whether night or day, is an essential element of the crime, and must be distinctly pleaded to show which, if either, statutory offense the prisoner is charged with.   1 Whart. Crim. Law (7th ed.), §§ 261–270; 2 Bish. Crim. Proc. (7th ed.), § 131; Bish. Stat. Crimes, § 221; *Koster v. People*, 8 Mich. 431; *People v. Olmstead*, 30 Mich. 431; *Byrnes v. People*, 37 Mich. 515; *People v. Chappell*, 27 Mich. 486; *Hall v. People*, 43 Mich. 417.

The breaking and entering of a hotel or lodging house is not a crime under the statute. The enumeration of buildings by the statute necessarily excludes all other classes of buildings, and the courts cannot enlarge the statute. Bish. Written Law, § 245; 1 Story Const. § 448; *Page v. Allen*, 58 Pa. St. 338; 98 Am. Dec. 272; *Koster v. People*, 8 Mich. 431; Bish. Stat. Crimes, § 221; Endlich, Interp. Stat., §§ 396–8.

*E. M. Carr*, Prosecuting Attorney, for The State.

Sec. 827, Code 1881, provides for the punishment of the unlawful entering in the night time, or the unlawful breaking and entering in the day time, any dwelling house, etc. The information charges the breaking as well as the entering, and failing to charge that it was in the night time does, in effect, charge that the offense was committed in the day time. *Nicholls v. State*, 68 Wis. 416; 60 Am. Rep. 870; *State v. Allen*, 40 La. Am. 199; *Butler v. People*, 4 Denio, 68; *Buchanan v. State*, 24 Tex. App. 195; 2 Bish. Crim. Proc. (3d ed.), § 133a. But even if the information were formally defective, it would be aided by § 1015, subd. 5 Code 1881, which provided that no indictment (information) is insufficient because of any matter "which was formerly deemed a defect or imperfection, but which does not tend to the prejudice of the substantial rights of the defendant upon the merits." *Butler v. People* 4 Denio, 68; *People v. Rynders*, 12 Wend. 425.

The information charges the breaking and entering of the " dwelling house of N. A. Landon," and the ownership is thus sufficiently laid. *State v. Tyrrell*, 98 Mo. 354; *Bell v. State*, 20 Wis. 630; *Spencer v. State*, 13 Ohio, 401; *State v. Rivers*, 68 Iowa, 611; 2 Bish. Crim. Proc. (3d ed.), 139.

The opinion of the court was delivered by

Dunbar, J.—Appellant was tried and convicted in the court below of the crime of burglary. The information on

which the conviction was had, omitting the formal part, is as follows:

" The said William Miller, on the twenty-fourth day of May, A. D. 1890, in the county of King, in the state aforesaid, then and there being about the hour of four o'clock in the forenoon of said day, a certain house then and there used and conducted by N. A. Landon and Alameda C. McConnell, co-partners, under the name and style of N. A. Landon & Co., as and for an hotel and lodging house, and the same being then and there the dwelling house of said N. A. Landon, did willfully, unlawfully, feloniously and burglariously break and enter, with intent to then and there the personal goods and property of William H. Hall and Nas Holmer, then and there guests of said N. A. Landon & Co., willfully, unlawfully, feloniously and burglariously steal, take and carry away, contrary to the form of the statute," etc.

It is contended that none of the essential elements of the crime charged are pleaded; that there are two distinct offenses, either of which are burglary under the statute (Code 1881, § 827); that one is the unlawful entering in the night time, etc., and the other the unlawful breaking and entering in the day time, etc.   Conceding the last proposition, this information charges the breaking as well as the entering, and is, therefore, broad enough to cover both offenses described by the statute.   If the breaking had not been alleged it might have been necessary to have alleged that it was in the night time, though we do not now pass upon that question.  But the breaking having been alleged makes it sufficient to sustain the charge of burglary, either by day or night.   It would not be contended that it would be any the less burglary under the statute if the unlawful entry at night was by breaking.   There can be nothing in this objection.   The statute provides that every person who shall unlawfully enter in the night time, or shall unlawfully break or enter in the day time, any dwelling house, or outhouses

thereunto adjoining, etc., with intent to commit a misdemeanor or felony, shall be deemed guilty of burglary.

It is contended that hotels and lodging houses are not included in the list of houses mentioned in the statute, and that there is no averment in the information that the house which was broken into was a dwelling house, but that it was only mentioned by way of recital. No matter what is said by way of description of the house in the first part of the information, the summing up is in these words, "the same being then and there the dwelling house of said N. A. Landon." An objection to this phraseology simply amounts to choice of expression: the words "the same being the dwelling house," conveys exactly the same idea as the words "the same was the dwelling house." The form objected to is the form generally used in indictments as laid down by text-books on criminal procedure, and we do not know any court which has held an indictment bad on any such grounds. Certainly the administration of criminal law in this country has not become so hampered with technicalities as to prevent a choice of two expressions which mean the same thing. The code provides (§ 1015) that no indictment shall be held insufficient for any surplusage or redundant allegations. So far as the first part of the description of this house is concerned it could at most only be held to be surplusage even if it followed that a hotel could not at the same time be a dwelling house.

We think the other objections to the information are equally untenable. The refusal of the court to grant a new trial on the ground of newly discovered evidence is also alleged as error. This was a matter in the discretion of the court, and it does not appear that there was any abuse of discretion. An *ex parte* affidavit of a man who subscribed himself as Edward Yale, and who confessed to

having committed the crime of which the defendant was convicted, was offered, but there was no attempt to show where this Mr. Yale then resided or whether the defendant could procure his attendance at court at any future time, or whether he desired his attendance, or whether the alleged Mr. Yale would swear to the matters and things set forth in the affidavit if he should attend.

The showing was entirely inadequate. The judgment is affirmed.

ANDERS, C. J. and HOYT, SCOTT and STILES, JJ., concur.