[Criminal No. 65.   Filed January 28, 1893.]

[33 Pac. 869.]

TERRITORY OF ARIZONA, Plaintiff and Respondent, v. LYMAN FOLLETT et al., Defendants and Appellants.

1. WITNESSES—CREDIBILITY—FALSE TESTIMONY AS TO MATERIAL FACT. —An instruction that if the jury find that any witness has sworn falsely on any material fact, they have the right to disregard his whole testimony, unless corroborated, is erroneous. This rule only applies in case the witness has knowingly and willfully sworn falsely.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Graham. Richard E. Sloan, Judge. Reversed.

The facts are stated in the opinion.

W. H. Barnes, and F. J. Heney, for Appellants.

The court erred in giving instruction numbered eight. This instruction tells the jury that if any witness has sworn falsely as to any material fact they may disregard him entirely. This is not the law. He must willfully swear falsely. The maxim, *Falsus in uno, falsus in omnibus,* only applies to willful falsity. *McClure* v. *Williams,* 65 Ill. 392; *Pope* v. *Dodson,* 58 Ill. 365. In this case the judgment was reversed upon an instruction exactly like the one at bar, and it was a civil case. *United States Ex. Co.* v. *Hutchinson,* 58 Ill. 44; *Swan* v. *People,* 98 Ill. 612; *Blitt* v. *Heinrich,* 33 Mo. App. 243; *The Santissima Trinidad,* 7 Wheat. 339; *Hillman* v. *Schwenk,* 68 Mich. 293, 36 N. W. 77; *Barney* v. *Dudley,* 40 Kan. 247, 19 Pac. 550.

William Herring, Attorney-General, for Respondent.

GOODING, C. J.—In this case the trial court gave the following instruction: "In considering the question of guilt or innocence the jury had the right, and it is its duty, to examine carefully into the credibility of the witnesses; and in investigating the question of credibility the jury has a right to take into consideration the motives of witnesses so far as

the position or testimony of a witness discloses any motive, and if the jury finds that any witness has·sworn falsely on a material fact they have the right to disregard his whole testimony, except so far as the testimony of such witness be corroborated by other credible evidence in the case." The maxim, *Falsus in uno, falsus in omnibus,* applies only in case the witness has knowingly and willfully sworn falsely. The instruction, as given, we think was erroneous. The judgment should be reversed. *Pope* v. *Dodson,* 58 Ill. 365; *McClure* v. *Williams,* 65 Ill. 392; *Barney* v. *Dudley,* 40 Kan. 247, 19 Pac. 550; *Hillman* v. *Schwenk,* 68 Mich. 293, 36 N. W. 77; *Railroad Co.* v. *Hack,* 66 Ill. 243.

Kibbey, J., concurs specially.