[Criminal No. 127.  Filed February 23, 1898.]

[52 Pac. 352.]

## WILLIAM SCHULTZ, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—ALIBI—BURDEN OF PROOF.—The burden of proof is not on the defendant in a criminal prosecution to prove an *alibi*, and if, by reason of the evidence in relation to such *alibi*, the jury should doubt defendant's guilt, he would be entitled to an acquittal, although the jury might not be able to say the *alibi* had been fully proved.

2. WITNESSES—SWEARING FALSELY TO MATERIAL FACT—DISREGARDING TESTIMONY—INSTRUCTION.—It is error to instruct that the whole testimony of a witness who has sworn falsely as to a material fact may be disregarded. Before the jury can disregard the testimony of a witness it must appear that the witness has knowingly and intentionally sworn falsely.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. J. J. Hawkins, Judge. Reversed.

The facts are stated in the opinion.

W. H. Barnes, for Appellant.

C. M. Frazier, Attorney-General, H. D. Ross, District Attorney, and P. W. O'Sullivan, Assistant District Attorney, for Respondent.

DAVIS, J.—The defendant, William Schultz, was tried at the June term, 1897, of the district court of Yavapai County, upon an indictment charging him with murder. He was convicted of manslaughter, and sentenced to a term of ten years' imprisonment in the territorial prison. The appeal is from the judgment of conviction, and from an order denying the defendant's motion for a new trial.

The appellant bases his contention for reversal upon two instructions given by the trial court at the request of the prosecution. One of these instructions was in the following language: "The court instructs the jury that the defendant claims, as one of his defenses, what is known in law as an *alibi;* that is, that, at the time the homicide with which he is charged was committed, he was at a different place, so that he could not have participated in its commission. The burden is upon the defendant to prove this defense for himself, by a preponderance of evidence; that is, by the greater and superior evidence. The defense of *alibi,* to be entitled to consideration, must be such as to show that, at the very time of the commission of the crime charged, the accused was at another place, so far away or under such circumstances that he could not with any ordinary exertion have reached the place where the crime was committed so as to have participated in the commission thereof." While conceding that it is not without authority for its support, we do not think this instruction fairly and correctly states the law applicable to the defense of *alibi.* The burden of proof never rests upon the accused to show his innocence, or to disprove the facts necessary to establish the crime with which he is charged. The defendant's presence at, and participation in, the *corpus delicti,* are affirmative material facts that the prosecution must show beyond a reasonable doubt to sustain a conviction. For the defendant to say he was not there is not an affirmative proposition; it is a denial of the existence of a material fact in the case. He meets the evidence of the prosecution

by denying it. If a consideration of all the evidence in the case leaves a reasonable doubt of his presence, he must be acquitted. We hold that the instruction given may have misled the jury to the prejudice of the rights of the defendant. It, in effect, said to the jury that evidence tending to show such *alibi* is not to be considered in favor of the defendant, unless it outweighs all the evidence in opposition to it. We think it was the duty of the trial judge to have said to the jury that they must consider all the evidence in the case, including that relating to the *alibi*, and determine from the whole evidence whether it was shown beyond a reasonable doubt that the defendant had committed the crime with which he was charged. The burden of proof was not changed when the defendant undertook to prove an *alibi*, and if, by reason of the evidence in relation to such *alibi*, the jury should doubt the defendant's guilt, he would be entitled to an acquittal, although the jury might not be able to say that the *alibi* had been fully proved. *People* v. *Nelson*, 85 Cal. 421, 24 Pac. 1006; *People* v. *Tarm Poi*, 86 Cal. 225, 24 Pac. 998; *Walters* v. *State*, 39 Ohio St. 215; *Davis* v. *United States*, 160 U. S. 469, 16 Sup. Ct. 353.

The other instruction complained of was as follows: "The court instructs the jury that if they find from the evidence, beyond a reasonable doubt, that any witness in this case has sworn falsely as to any material fact, then the jury may disregard the whole testimony of such witness, except in so far as it is corroborated by other credible testimony." This instruction was also erroneous. Before the jury can disregard the testimony of a witness, it must appear that the witness has knowingly and intentionally sworn falsely. A witness might testify falsely, and yet be honest; and the mistake of one who ignorantly and unintentionally testifies falsely is not sufficient to permit his entire testimony to be disregarded. As was said by this court in *Follett* v. *Territory*, 4 Ariz. 91, 33 Pac. 869: "The maxim, *Falsus in uno, falsus in omnibus*, applies only in case the witness has knowingly and willfully sworn falsely." This instruction is also condemned in *Pope* v. *Dodson*, 58 Ill. 365; *McClure* v. *Williams*, 65 Ill. 392; *Barney* v. *Dudley*, 40 Kan. Sup. 247, 19 Pac. 550; *Hillman* v. *Schwenk*. 68 Mich. 293, 36 N. W. 77; *Express Co.* v. *Hutchins*, 58 Ill. 44; *Swan* v. *People*, 98 Ill. 610.

For the erroneous instructions given, the judgment and order appealed from are reversed and the cause remanded for a new trial.

Street, C. J., and Doan, J., concur.

Sloan, J., not sitting.