[No. 4106. Decided March 6, 1902.]

# The State of Washington, *Respondent*, v. Calvin Burton, *Appellant*.

BURGLARY — INFORMATION — HOTEL ROOMS AS DWELLING HOUSE.

An information charging defendant with unlawfully breaking and entering in the night-time the dwelling house of another is sufficient under Bal. Code, § 7104, although it may add as descriptive of such dwelling house that it was certain numbered rooms in a hotel, without alleging a lease thereof for a definite period.

SAME — EVIDENCE — RES GESTAE.

In a prosecution for burglary evidence tending to show larceny by the defendant is admissible as part of the *res gestae* for the purpose of showing an entry effected and the circumstances attending the entry.

TRIAL — REMARKS OF COURT — HARMLESS ERROR.

The remark made by the court at the time of excluding offered testimony of self-serving declarations made by defendant, which were clearly inadmissible, that "He [defendant] might have lied to him [witness]," would not constitute reversible error.

WITNESSES — IMPEACHMENT.

Where a defendant charged with burglary had testified that he had not solicited an opportunity to plead guilty to petit larceny, and ground for impeachment had been laid upon his cross-examination, the testimony of witnesses to whom such application had been made by him is admissible either in rebuttal or as impeaching testimony.

SAME — EXCLUSION OF WITNESSES FROM COURT ROOM — VIOLATION OF ORDER.

The action of the court in permitting a witness for the state to testify, who had listened to the testimony of other witnesses, after the order of the court excluding witnesses from the court room, does not show an abuse of discretion, when it appears that the witness was ignorant of the order, and that he was called on rebuttal, without previous knowledge on his part or the state's that his testimony would be necessary.

SAME — INTEREST IN RESULT — DEMEANOR — INSTRUCTIONS.

An instruction charging the jury that they can give to the testimony of witnesses just such weight as they think it entitled to, and can take into consideration for that purpose their interest in the result of the suit, their conduct and demeanor while testifying, their apparent fairness or bias, their opportunity for knowing the things about which they testify, the reasonableness or unreasonableness of their story, and all the facts and circumstances proven tending to corroborate or contradict them, is not objectionable on the ground of being indefinite, misleading and confusing and instructing the jury that it has a right to consider other facts and circumstances than those established by the evidence.

CRIMINAL LAW — INSTRUCTIONS — DEPRIVING ACCUSED OF BENEFIT OF COUNSEL.

An instruction charging the jury to disregard statements of counsel on either side not based upon the testimony, and to refrain from drawing conclusions from questions propounded by counsel and ruled out or from offers of testimony which were rejected by the court, is not objectionable on the ground of depriving defendant of the benefit of counsel.

SAME — ALIBI.

The court charged the jury as follows: "One of the defenses interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time that the crime was committed, if committed at all. If, in view of all the evidence, you have any reasonable doubt as to whether the defendant was at another place from where the crime was committed at the time of its commission, then you should acquit; but if you believe from the evidence that the accused was not so far away from the place where the offense was committed but that he could, with ordinary exertion, have reached the place where the offense was committed, then you will consider that fact as a circumstance tending to prove or disprove the alibi." *Held*, that the instruction does not take the *corpus delicti* for granted, nor charge, in effect, that the defendant must be assumed to have committed the offense if he could, by ordinary exertion, have reached the place where the offense was committed, nor does it convey the impression that unless defendant could show he was at some particular place, he must be presumed to have been at the place where the offense was committed at the time of its commission.

34—27 WASH.

SAME — EXCESSIVE PUNISHMENT.

A sentence of thirteen years for burglary will not be set aside as cruel and excessive punishment, where the maximum penalty is fourteen years, and the record indicates that it was not defendant's first offense.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge. Affirmed.

*John Leo* and *J. P. Cass,* for appellant.

*Fremont Campbell,* Prosecuting Attorney, *Charles O. Bates* and *Walter M. Harvey,* for the State.

The opinion of the court was delivered by

DUNBAR, J.—Appellant was convicted in the superior court of Pierce county of the crime of burglary, and was sentenced to imprisonment for a term of thirteen years. From said judgment an appeal is taken to this court.

A demurrer was interposed to the information, which was overruled, and the overruling of the demurrer is the first assignment of error presented. The essential part of the information is as follows:

"That the said Calvin Burton in the county of Pierce, in the state of Washington, on or about the 23d day of March, 1901, then and there being, unlawfully and feloniously did break and enter in the night time the dwelling house of C. A. Murray and Jennie R. Murray, the said dwelling house being then and there rooms numbered 56 and 58 in the Tacoma Hotel, in the city of Tacoma, said county and state, with the intent then and there to commit a misdemeanor, to-wit, petit larceny," etc.

It is contended by the appellant that, inasmuch as ordinarily a hotel is a temporary stopping place for transient guests, it is not their dwelling house; that, to be a lodger's dwelling house, a room in a hotel must be leased for a defi-

nite period; and that such leasing, being essential to impart
to a hotel room the character of a dwelling house, should
be alleged in an information charging the commission of
burglary in such room as a dwelling house, and for want
of such an allegation in the information in this case the
same was fatally defective. We do not think this con-
tention can be sustained. It is true that, at the common
law, when a burglary was committed in the room of a
transient guest, the ownership was required to be alleged
in the hotel keeper; but our statute (Bal. Code, § 7104)
provides that the unlawful breaking and entering in the
night time of the dwelling house of another constitutes bur-
glary, and the information charges that the defendant
did break and enter in the night time the dwelling house
of C. A. Murray and Jennie R. Murray. It is true that,
in further description of the dwelling house, it is said that
it comprised rooms 56 and 58 in the Tacoma Hotel, but
this must be held to be entirely descriptive of the dwell-
ing house. It is not necessary that a dwelling house should
be under any particular cover, or segregated from any
other house. In fact, under the law, both ancient and
modern, if the occupants of rooms, even in a house which
was used as a hotel, occupied their rooms for any length
of time, it was sufficient to allege ownership in the occu-
pants of the rooms. This court sustained an information
similar in this respect to the one under discussion in *State
v. Miller,* 3 Wash. 131 (28 Pac. 375). It is said by Bish-
op, in his work on Criminal Procedure (vol. 2, § 137),
that the meaning of ownership varies with the offense.
Burglary is not a disturbance to the fee as realty, but to
the habitable security. Therefore in burglary ownership
means any possession which is rightful as against the bur-
glar. Certainly, so far as indicated by the information

in this case, the possession of these rooms was rightfully in the Murrays as against the burglar. The demurrer was properly overruled.

The second assignment is to the effect that testimony was admitted tending to show larceny on the part of the alleged burglar, and it is said that only an attempt to commit larceny was charged in the information; that larceny is not, under the larceny laws of this state, an essential ingredient of burglary; that an unlawful entry with an intent to commit any crime constitutes burglary, and the intent is presumed from the entry. Conceding this to be true, the proof offered did not prejudice the case of the defendant, because, if the presumption of larceny attached any way, he was not wronged by proof of the larceny. In any event, this evidence was competent, as being part of the *res gestae*. It was competent for the purpose of showing that an entry was made, and the circumstances attending the entry.

The third error is based upon a remark of the court. The defense offered to prove by witness Bailey that, on the occasion and the date set out in the information, the defendant had said to the witness in Seattle that he could not stop there because they wanted to take the Flyer to Tacoma. This testimony was evidently introduced for the purpose of proving an alibi. The court remarked:

"He might have lied to him. The witness may state what he saw and knows. The offer will be overruled and exception allowed."

The court was undoubtedly right in excluding the testimony, where it was purely hearsay and self-serving; and, while the language used by the court may not have been apt, we do not think it constituted reversible error. The ground of the inadmissibility of such testimony as this is

its unreliability, and, in fact, the witness under such circumstances, for the purpose of preparing self-serving testimony, might lie without being subjected to the pains or penalties of perjury. The fact that the court may have bluntly stated the reason why the testimony could not be accepted is not a sufficient ground for reversal.

The fourth error assigned is the admission of the testimony of the witnesses Fackler and Wiley. The defendant had testified in his defense that he had not solicited an opportunity to plead guilty to petit larceny, and the witnesses Fackler and Wiley were introduced for the purpose of proving that he had made such application. The ground of impeachment had been laid upon cross-examination of the defendant, and we think the testimony was properly received, either in rebuttal or as impeaching testimony.

The fifth assignment is that the testimony of the witness Fackler should not have been received after an order had been made excluding the witnesses from the court room, and Fackler testified after having listened to the testimony of the witnesses for the defense, or some of them. It appears, however, that the order was unknown to Fackler, and it does not appear that it was known to counsel for the state that the witness would be required to testify in rebuttal. The matter was one within the discretion of the trial judge, and we do not think, under the circumstances as shown by the record, that there was any abuse of this discretion in admitting the testimony of the witness Fackler.

The sixth assignment relates to the eighth, ninth, and tenth instructions. The eighth instruction was as follows:

"You are instructed that the credibility of the witnesses is a question exclusively for the jury to exclusively

determine; you can give to the testimony of each witness just such weight as you think it is entitled to, and, in determining the weight to be given to the testimony of the several witnesses, you should take into consideration their interest in the result of the suit, if any such interest is proven; their conduct and demeanor while testifying; their apparent fairness or bias, if any such appears; their opportunity for seeing or knowing the things about which they testify; the reasonableness or unreasonableness of the story told by them; and all the evidence and facts and circumstances proven tending to corroborate or contradict such witness, if any such appear."

The objection to this instruction is that it is involved, vague, and indefinite, misleading and confusing, and it seems to instruct the jury that in reaching its verdict it has a right to consider other facts and circumstances than those established by the evidence. The criticism seems to us to be unwarranted. The language is plain that it is all the evidence and facts and circumstances proven or tending to corroborate or contradict that are to be taken into consideration by the jury, and that, it seems to us, is a proper statement of the law.

The ninth instruction was as follows:

"You are also instructed that you must try this case upon the evidence introduced therein, and the law as given you by the court; and you are instructed to disregard all statements of counsel on either side, unless the same are supported by the testimony; nor are you to draw any conclusions or inferences from questions propounded by counsel and ruled out by the court, nor from offers of testimony which has by the court been rejected; and any evidence stricken by the court you are not to consider."

We do not think that the criticism that this instruction deprives the defendant of the benefit of counsel can be sustained. It is the duty of the court to see, not only that the jury disregards statements of counsel which are not

based upon the testimony, but, if possible, to prevent such statements being made in the presence of the jury. We think the instruction was eminently correct.

· The tenth instruction is as follows:

"One of the defenses interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time that the crime was committed, if committed at all. If, in view of all the evidence, you have any reasonable doubt as to whether the defendant was at another place from where the crime was committed at the time of its commission, then you should acquit; but if you believe from the evidence that the accused was not so far away from the place where the offense was committed but that he could, with ordinary exertion, have reached the place where the offense was committed, then you will consider that fact as a circumstance tending to prove or disprove the alibi."

It is insisted that the *corpus delicti* is taken for granted in this instruction, and, further, that it in effect instructs the jury that, if the defendant could, by ordinary exertion, have reached the place where the offense was committed, it is to assume the offense was committed by defendant, and, unless he shows he was at some particular place, he must have been at the place where the offense was committed at the time of its commission. There is nothing in the instruction to justify either of these criticisms. The court, in the commencement of the instruction, inserted the phrase, "if committed at all;" and, while this limitation was not repeated in every line of the instruction, if the jury had sufficient intelligence to understand the court at all, it understood that the limitation expressed in the first instance applied all the way through. Neither could the jury have concluded that the defendant would be presumed to have been at the place where the offense was committed at the time of its commission if he could, by ordi-

nary exertion, have reached such place; for the court plainly instructed the jury that under such circumstances it should consider that fact as a circumstance tending to prove or disprove the alibi. The instruction properly stated the law.

There was sufficient testimony to sustain the verdict.

The tenth error assigned is that the court violated the provisions of the constitution by imposing a sentence of thirteen years. The maximum penalty under the law for burglary is fourteen years, and, while to this court the penalty of thirteen years seems to be a severe one, yet there are some indications in the record that this was not the first offense committed by this defendant. We are not cognizant of all the information surrounding the case which may have been in possession of the trial judge, and are not prepared to say that the discretion which is given him by the law was abused by the imposition of the penalty of thirteen years' imprisonment in the penitentiary.

No prejudicial error having been committed, the judgment will be affirmed.

WHITE, MOUNT, HADLEY and FULLERTON, JJ., concur.

REAVIS, C. J., and ANDERS, J., concur in the result.