[Criminal No. 226. Filed March 30, 1906.]

[85 Pac. 730.]

ROBERT BARTON, Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—APPEAL AND ERROR—REVIEW.—On appeal in a criminal case, where there is no bill of exceptions, assignment of errors, nor any brief or argument designating any error complained of in the proceedings had in the trial court, the appellate court can only look into the record, and unless some reversible error be apparent therein, affirm the judgment of the lower court.

2. CRIMINAL LAW—INSTRUCTIONS—ALIBI—BURDEN OF PROOF—SCHULTZ *v.* TERRITORY, 5 ARIZ. 239, 52 PAC. 352, APPROVED AND FOLLOWED.— The defendant in a criminal case is not required to prove an *alibi* beyond a reasonable doubt, or even by a preponderance of the evidence, but it is incumbent on the jury to acquit if the evidence upon that point, when taken in connection with all the other evidence in the case, raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, when his presence is essential to his guilt. Hence an instruction that the burden was on accused to prove his defense of *alibi* by a preponderance of the evidence, and that such defense to be entitled to consideration must show that at the time of the commission of the crime charged accused was at another place, so far away or under such circumstances that he could not, with any ordinary exertion have reached the place so as to participate in the commission of the crime, was erroneous.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. John H. Campbell, Judge. Reversed.

The facts are stated in the opinion.

E. S. Clark, Attorney-General, for Respondent.

DOAN, J.—The appellant, Robert Barton, was tried before a jury in the district court of Pima County on the 8th and 9th of November, 1905, upon a charge of robbery, and upon

a verdict of guilty, was on November 11, 1905, adjudged by the court guilty of that crime, and sentenced to a term of imprisonment in the territorial prison, from which verdict and judgment of conviction he has appealed.

The counsel who represented the defendant in the lower court have not entered any appearance here. There is no bill of exceptions, assignment of errors, nor any brief or argument designating any error complained of in the proceedings had in the trial court, presented to us in support of the appeal in this case. Under these circumstances, we can only look into the record, and unless some reversible error be apparent therein, affirm the judgment of the lower court. While the record does not contain the entire charge of the court to the jury, it does present the following instruction given at the request of the territory: "The defendant claims as one of his defenses what is known in law as an *alibi;* that is, at the time the robbery with which he is charged was being committed, he was at a different place, so that he could not have participated in its commission. The burden is upon this defendant to prove this defense by a preponderance of evidence; that is, by the greater and superior evidence. The defense of *alibi,* to be entitled to consideration, must be such as to show that, at the very time of the commission of the crime charged, the accused was at another place, so far away or under such circumstances that he could not with any ordinary exertion have reached the place where the crime was committed so as to have participated in the commission thereof." This instruction was presented to this court in the case of *Schultz* v. *Territory,* and we held that it did not correctly state the law applicable to the defense of *alibi. Schultz* v. *Territory,* 5 Ariz. 239, 52 Pac. 352. We there said: "The burden of proof never rests on the accused to show his innocence, or to disprove the facts necessary to establish the crime with which he is charged. The defendant's presence at, and participation in, the *corpus delicti,* are affirmative material facts that the prosecution must show beyond a reasonable doubt, to sustain a conviction. . . . If a consideration of all the evidence in the case leaves a reasonable doubt of his presence, he must be acquitted. We think it was the duty of the trial judge to have said to the jury that they must consider all the evidence in the case, including that relating

to the *alibi*, and determine from the whole evidence whether it was shown beyond a reasonable doubt that the defendant had committed the crime with which he was charged." And upon the ground that the instruction as given might have misled the jury to the prejudice of the rights of the defendant, the giving of it was there held to be reversible error. The rule that the defendant is not required to prove an *alibi* beyond a reasonable doubt, or even by a preponderance of the evidence, but that it is incumbent on the jury to acquit if the evidence upon that point, when taken in connection with all the other evidence in the case, raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, when his presence is essential to his guilt, as announced by us in *Schultz* v. *Territory, supra,* has since been adhered to, and is the law of this jurisdiction. It has been since that time followed also in *People* v. *Roberts,* 122 Cal. 377, 55 Pac. 137; *Wilburn* v. *Territory,* 10 N. Mex. 402, 62 Pac. 968; *State* v. *Burton,* 27 Wash. 528, 67 Pac. 1097; *Barr* v. *People,* 30 Colo. 522, 71 Pac. 392; and *People* v. *Lang,* 142 Cal. 482, 76 Pac. 232, with no ruling at variance therewith in those jurisdictions.

Because of this erroneous instruction, the judgment of the lower court is reversed and the cause remanded for a new trial.

KENT, C. J., SLOAN, J., and NAVE, J., concur.