[No. 14040. Department Two. August 14, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK V. ARNOLD, *Appellant*.[1]

CRIMINAL LAW—EVIDENCE—REBUTTAL. Where a witness had admitted animus against the accused, it is not error to exclude evidence of the accused to show the relations between them, where it did not show a different or greater bias or any contradiction of the witness.

CRIMINAL LAW—ALIBI—INSTRUCTIONS. Where the accused offered testimony that he was elsewhere when the crime was committed, it is proper to instruct, upon the defense of alibi, that it was necessary for the accused to show that, at the very time of the commission of the crime, he was at another place, so far away that he could not, with ordinary exertion, have been at the place where the crime was committed.

CRIMINAL LAW—NEW TRIAL—DISCRETION. The denial of a new trial for newly discovered evidence will not be disturbed in the absence of abuse of discretion, where the affidavits were controverted and a question of fact presented to the trial judge.

[1]Reported in 166 Pac. 777.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered August 31, 1916, upon a trial and conviction of robbery. Affirmed.

*McMaster, Hall & Drowley* and *H. W. Arnold,* for appellant.

Holcomb, J.—I. The first error urged to reverse the judgment of conviction is that the court erred in not permitting appellant to tell, in testifying, of the relations between him and a witness for the state named Fisher. Fisher had testified to the effect that appellant and his brother were not at the place where they claimed in evidence they were, on the evening and at the time of the robbery. This was, of course, important and a very material fact which was in sharp dispute. It is contended that, if the witness Fisher had animus towards appellant because of trouble between them, the jury should have been informed thereof by evidence, so that they might consider the testimony of Fisher in the light of that feeling; and that the partiality of a witness, whether of friendship toward one or animosity toward the other party, may always be shown as bearing upon credibility. 40 Cyc. 2656.

The witness Fisher did not, however, deny that, during the eleven months previous, he had had some feeling against appellant. It is claimed that his admissions were equivocal, reluctant, and qualified. He answered that he had had trouble with appellant, but "not much"; that he "was sore at appellant, but not particular." Appellant was questioned, to rebut the foregoing, and asked whether or not the relations during about the year preceding, with Fisher, had been friendly. Upon objection, answer to this was excluded. Fisher having admitted his unfriendliness during that period approximately, the appellant's answer. could not have but corroborated Fisher on that general question, to be of avail to him, and could not be rebuttal. Appellant was then asked whether or not in the early part of February of the preced-

ing year, on Fisher's place, an altercation occurred between him and Fisher, as a result of which appellant was ordered off the place and ordered never to go upon the place again. This testimony, it is asserted, tends to show a degree of hostility towards appellant by Fisher at variance with his admissions and in contradiction of his qualifications as to his feelings. We cannot so construe it. The mere fact of Fisher ordering appellant off his premises and warning him never to return thereon is no proof of a greater degree of animosity on Fisher's part than he admitted. The details of the quarrel or the merits of the controversy between them could not be admitted or considered, as appellant concedes. The result of the controversy was admitted by the witness himself so far as animus was concerned, and appellant offered nothing tending to show a different or greater bias or any contradiction of the witness.

II.   The court instructed the jury:

"One of the defenses interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time that the crime was committed, if committed at all. You are instructed that the defense of an alibi, to be entitled to consideration, must be such as to show that, at the very time of the commission of the crime charged, the accused was at another place, so far away or under such circumstances that he could not, with an ordinary exertion, have been at the place where the alleged crime was committed."

Appellant maintains that, if this instruction is correct, he never offered the defense of alibi; that, although he did claim that, during all of the time of the evening of July 4, 1915, from 8 p. m. until some time after midnight, he was on a gasoline launch on the Columbia river with his brother, fishing, the alleged robbery occurring at about 11:10 o'clock p. m., he did not at any time claim that, "at the very time of the commission of the crime charged, he was at another place, so far away or under such circumstances that he could not, with ordinary exertion, have been at the place

where the alleged crime was committed"; that he did not contend that he could not, with ordinary exertion, have been at the place where the alleged crime was committed; that his contention and his evidence was that he was not at the place where the robbery was alleged to have been committed; not that he could not have been there. It is argued, therefore, that the effect of stating to the jury that appellant made the defense that he was at a place from which he could not, with ordinary exertion, have reached the place of the crime, when no evidence offered by him tended to sustain such a defense, was as though the jury had been told that he claimed a thing which he had not been able to prove. This argument is specious. There could have been no other object of appellant's evidence than to establish an alibi. There was evidence for the state that the mooring place of appellant's gasoline launch was about 200 yards from the place of the alleged crime. There was testimony that the launch was moored there all the evening from eight o'clock to at least 11:15 o'clock, or at least was seen there at five different times up to that, the last time it was seen, during that period. That being the case, the appellant having interposed the defense of showing his whereabouts during all the evening in question, the state and the jury were not concluded by his testimony as to that fact, and it became a material circumstance to consider whether or not he could, with ordinary exertion, have had his boat at its regular mooring place at about the time of the commission of the robbery, and have, with ordinary exertion, reached the place of the robbery at the time alleged, and committed the crime. We have held that, in such case, the charge to the jury should be that they should consider as a circumstance whether or not the accused was not so far away from the place where the offense was committed that he could not have reached it; and this is the almost unanimous rule of law. *State v. Burton*, 27 Wash. 528, 67 Pac. 1097; 12 Cyc. 619, 620. The instruction was correct and appropriate to the case.

III.   It is contended that the court erred in refusing appellant a new trial.  ·The motion was based upon the several statutory grounds, including that of newly discovered evidence.   This ground was supported by affidavits tending to show the discovery of a witness named Gard and that he would give testimony in complete contradiction of the witness Fisher.   These affidavits were controverted by affidavits filed by the state and affidavits showing that Gard had made contradictory statements, and tending to show that he would have testified contradictorily to the statements made by him to a number of affiants immediately after the commission of the crime.   This presents a question of fact for the trial court to determine.   Since he was presumably more or less familiar with the affiants and their credibility, we cannot say that he abused his discretion in resolving that question against appellant.   Indeed, from a perusal of the various affidavits, on their face we should feel inclined to the same conclusion as that of the trial judge.

We find no error.   Affirmed.

ELLIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.