## STATE v. BAKER et al.

No. 5637.   Decided August 16, 1937.   (70 P. [2d] 733.)

*Joseph Chez*, Atty. Gen., *Grover A. Giles*, Deputy Atty. Gen., and *Wade M. Johnson*, Dist. Atty., of Ogden, for the State.

*E. J. Skeen*, of Salt Lake City, for respondents.

WOLFE, Justice.

The lower court sustained a demurrer to, and, upon the State's refusal to amend, dismissed, the following information, to wit:

"James Baker and Harold Shoen having heretofore been duly committed by Honorable H. A. Belnap, a committing magistrate of this County to this Court, to answer this charge, is accused by the District Attorney of this Judicial District, by this information, of the crime of Burglary in the Third Degree, a Felony, committed as follows, to wit: That in Weber County, State of Utah, on the 22nd day of August, A. D. 1934, the above named defendants, James Baker and Harold Shoen, did then and there wilfully, unlawfully, feloniously and burglariously enter a certain building occupied by Delbert G. Neville,

situated at Number 2163 Polk Avenue, Ogden City, Weber County, State of Utah, through a doorway of said building, with intent to commit larceny therein."

The State appeals. The information fails to allege that the burglary was committed in the daytime and fails to allege any facts from which it can be deduced that it took place in the daytime. It charges the defendants in terms with third degree burglary. The State contends it was not necessary in charging a third degree burglary to allege that it took place in the daytime. This case arose in August, 1934, before the new Code of Criminal Procedure was passed in 1935 (Laws 1935, c. 118).

Under the common law, burglary had to be committed in the nighttime on a dwelling house of another. The time was a distinct element of the crime. 4 Blackstone's Comm. 224; *Butler* v. *People*, 4 Denio (N. Y.) 68. By statute the definition of the crime was expanded to include a breaking and entering or simply an entering with intent to steal or commit a felony, either in the night or day time. But it made a difference in degree whether committed in the night or day. Some states, including our own, created another degree depending either on the means intended to be used to commit the intended felony or on the manner of breaking, or whether the accused carried a gun or certain other weapons, or whether it was a dwelling house occupied, or whether there were confederates, etc. An information simply charging burglary and setting out the facts of entry and intent to commit a larceny or felony may, without alleging whether in the day or night time, be viewed in three ways: (1) That all degrees of burglary may be proved thereunder, leaving to the jury, or the court in the case of a plea of guilty, to determine the degree, the punishment depending on the degree. (2) That no burglary can be proved under such an information on the theory that the degree is a part of the crime and hence, where facts are not alleged showing the degree, no crime is charged. That is evidently how the lower court looked at this information.

(3) That the defendant may be found guilty of only the lowest degree of burglary under such an information on the theory that such is all he could be expected to meet or, said in another way, that, in order to find defendant guilty of any higher degree than the lowest, facts must be alleged and proved showing such higher degree.

The first theory is the one accepted by California and some of the other states. *People* v. *Jefferson,* 52 Cal. 452; *People* v. *Barnhart,* 59 Cal. 381. In the latter case it was said:

"Reading the sections of the statute together, it seems plain that it was the intention to provide for a crime which is styled 'burglary,' and which consists of an entry with intent to commit a felony or petty larceny, either in the night or daytime. This crime is divided into two degrees—an entry with such intent in the night-time, and an entry with like intent in the daytime, while the duty of determining from the evidence whether the offense is burglary in the first or second degree, is imposed on the Court or jury, as the plea may be 'guilty' or 'not guilty.' Inasmuch as the indictment to cover both degrees must not specify that the entry was either by day or night, it follows that the averment must be general, without such specification, and such averment must be construed as charging an entry both in the night and daytime. Thus construed, whether the Court or jury find the defendant guilty of burglary in the first or second degree, he will be found guilty of an offense charged in the indictment." *State* v. *Mish,* 36 Mont. 168, 92 P. 459, 122 Am. St. Rep. 343; *State* v. *Miller,* 3 Wash. 131, 28 P. 375; *Egan* v. *State,* 136 Wis. 114, 116 N. W. 755.

The second theory, that unless the time at or means by which the act was done is alleged no crime is charged, must depend on the theory that such time and means are essential facts of the crime and not merely distinguishing as to degree. We find few authorities which hold that under statutes which varied the common-law crime burglary to extend it to the daytime, the omission of the element of time charges no crime of burglary. *Davis* v. *State,* 3 Cold. (43 Tenn.) 77; *Hall* v. *People,* 43 Mich. 417, 5 N. W. 449; *Commonwealth* v. *Kaas* (Com. Pleas Pa.) 3 Brewst, 422, seem to so hold. Even

in the case of *Jones* v. *State,* 63 Ga. 141, where it was held such indictment was demurrable on arraignment, the court refused to arrest judgment after verdict finding burglary. Therefore, this case can hardly stand for the proposition that no crime was charged or judgment could not legally have been imposed at any time.

Certainly, the weight of authority—practically all the authority—is to the effect that an indictment for burglary in the daytime is good without expressly alleging that it was in the daytime. Those cases which hold that it does not need to be alleged whether the act was committed in the night or daytime are authority for the proposition that to convict a person of daytime burglary that fact does not need to be alleged. Furthermore, some cases which hold that in order to convict a person of nighttime burglary, that fact must be alleged, hold that in order to convict a person of daytime burglary such fact need not be alleged. *State* v. *Newell,* 93 Vt. 81, 106 A. 561; *Butler* v. *People,* supra; *Commonwealth* v. *Reynolds,* 122 Mass. 454.

Since the new Code of Criminal Procedure has been in force, the question here presented is largely moot. We think by the clear weight of authority and better reasoning the fact which makes an act burglary of the third degree need not be alleged. Whether this is because an information for burglary is sufficient without alleging facts from which the degree is revealed, or because any information which does not allege such facts will be presumed to be the lowest degree of burglary, it is not now necessary to determine.

The judgment of the lower court is therefore reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

FOLLAND, C. J., and HANSON, MOFFAT, LARSON, JJ., concur.